CHASEZ, Judge.
Mrs. Charles Walker has appealed from a judgment dismissing her claim for damages against New Orleans Public Service, Inc. for personal injuries sustained by her when she fell on a Public Service Bus.
Mrs. Walker boarded the bus at South Claiborne and Washington Avenues. The bus was traveling on Washington Avenue toward the river. As the light turned green, the driver proceeded to cross the intersection of Claiborne Avenue and, as he neared the river side of Claiborne, two children on a bicycle darted from among a crowd of people on the sidewalk paralleling Claiborne Avenue directly into the path of the bus. In order to avoid hitting the children, the driver brought the bus to an immediate stop, causing Mrs. Walker who had not yet taken a seat to fall and injure herself.
The testimony of the driver, as well as two witnesses who testified on behalf of plaintiff, verify that the two children emerged suddenly in front of the bus. The witnesses stated that they didn’t see the boys directly in front of the bus but did see them immediately after the bus stopped and that they were headed downtown, that is, they were continuing in the direction from which they had come. One witness also stated that the driver “hollered out” at them.
The driver’s testimony is the same in all material respects. He testified that after stopping at Claiborne and Washington Avenues he proceeded in the direction of the river on Washington Ave. Suddenly he saw two children on a bicycle, proceeding in a downtown direction, coming off the curb of the riverside walk paralleling South Claiborne Avenue. He brought his bus to an emergency stop to avoid striking the children. The abrupt stop caused plaintiff, who was either walking or standing in the aisle, to fall backwards into the front of the bus which caused her injury. He further testified that the children darted out into the street through pedestrians who were standing on the sidewalk on the uptown river curb and that the bus was a very short distance away when the children came into the street.
Public carriers of passengers owe the highest degree of care to their passengers and, when a passenger is injured, the burden is on the carrier to show it was free from negligence. Le Beau v. Baton Rouge Bus Co., La.App., 136 So.2d 740 (1st Cir. 1961). However, though it owes the highest degree of care to passengers, it is not an insurer of their safety. Shannon v. Shreveport Transit Company, La.App., 149 So.2d 206 (2nd Cir. 1963).
It has further been held in this state that the doctrine of sudden emergency is applicable to carriers of passengers for hire and when the carrier is confronted with a sudden emergency arising from no fault or negligence of his own, the carrier will not be held liable for damages that follow. Shannon v. Shreveport Transit Company, supra; Sepulvado v. General Fire & Casualty Company, La.App., 146 So.2d 428 (3rd Cir. 1962); Johnson v. *765 Shreveport Transit Company, La.App., 137 So.2d 463 (2nd Cir. 1962).
Finally, as long ago as 1940 it was held that it is not negligent for the driver of a public carrier to cause the vehicle to start moving before all passengers are seated when there is nothing to indicate that the passenger is old, infirm or otherwise incapacitated. See Miller v. New Orleans Public Service, La.App., 196 So. 86 (Orleans 1940).
 It seems clear in the case at bar that the driver was confronted with a sudden emergency and acted as a reasonably prudent man under the circumstances. However unfortunate for plaintiff, it is not actionable negligence to bring a bus to a sudden stop in an emergency not created by the driver, especially where a serious accident could be caused if he did not so stop.
In this case, the driver did not have time to consider the possible results of a sudden stop and he did what any ordinary careful driver would have done.
For the foregoing reasons, the judgment in favor of defendant, New Orleans Public Service, Inc. and against the plaintiff, Mrs. Charles Walker, dismissing her suit at her cost is affirmed.
Affirmed.