MILLER, Judge.
Plaintiff, Mrs. Rose Mary Nevils, drove from a private driveway onto the favored road and proceeded a distance of 150 feet before her car was rear-ended by an overtaking vehicle driven by Travelers’ insured. The trial court held both drivers negligent. We find that plaintiff was free from negligence.
Mrs. Nevils sued for her personal injuries. Her husband sued for medical expenses and in his administrative capacity for the injuries sustained by their four children. (There is no appeal as to the adequacy or inadequacy of the award of $200 for one child and $100 each for the other three children.) Travelers filed a third party demand against the Nevils, contending that if Travelers’ insured was negligent, then Mrs. Nevils was also negligent. Therefore Travelers claimed one-half of any sum that might be awarded for the injuries suffered by the Nevils’ minor children.
Plaintiffs appeal from the judgment holding Mrs. Nevils negligent (and denying her claim for personal injuries and her husband’s claim for special damages), and awarding Travelers judgment against Mr. Nevils for one-half the award made to the minor children. Travelers answered the appeal contending that their insured was free from negligence and seeking to dismiss plaintiffs’ claims in their entirety.
The accident occurred on Prien Lake Road at 8:25 p. m. on December 18, 1968 about one mile west of the City of Lake Charles. The posted speed limit was 45 mph. It was dark and the road was wet. Plaintiff denied that it was misting rain at the time of the accident, but the evidence preponderates that it was. Both vehicles were proceeding west at the time of the *186 accident and the impact occurred entirely in the westbound lane. The entire front of Travelers’ insured 1968 Plymouth Roadrunner struck the entire rear end of plaintiffs’ 1962 Mercury Comet automobile. There was no oncoming traffic.
Prien Lake Road is a hardsurfaced two lane road that takes traffic east and west in the area where this accident occurred. Mrs. Nevils took a friend home and proceeded north on the private drive to its intersection with Prien Lake Road. She stopped at the intersection. After seeing no traffic from her left (the west) and only the glare of lights from her right (the east), she entered Prien Lake Road and proceeded about 150 feet before impact. She estimated that the oncoming westbound vehicle was some 1500 feet away at the time she looked to her right. Mrs. Nevils estimated her speed at impact at 20 mph. She had just shifted into third or traveling gear.
The investigating officer placed the impact point at 123 feet west of the west edge of the private drive from which Mrs. Nevils exited. Mrs. Nevils’ Comet came to rest 296 feet west of the impact point. The Plymouth came to rest at the point of impact.
The overtaking Plymouth was driven by Horace R. Crosby, Jr., age 19. He and his date were just riding around. Both testified that Crosby was driving about 35 mph and was watching the road. Neither saw the Nevils car until Crosby was about one car length behind it. Crosby did not apply his brakes before impact. Crosby testified that at the time he first saw the Nevils car, it was partially occupying the passing lane. He admitted that the impact was entirely in the westbound lane.
Neither Crosby nor his date saw taillights on the Nevils Comet. However Crosby’s passenger saw a reflector on the Nevils vehicle immediately before impact. The trial court did not find that the Nevils taillights were off prior to impact. The testimony preponderates that they were working prior to the accident.
On these facts, we affirm the trial court’s finding that Crosby was negligent for failing to keep a proper lookout and failing to see what he should have seen. Crosby’s negligence was the legal cause of this accident.
We find manifest error in the trial court’s finding that Mrs. Nevils failed to yield the right-of-way by entering Prien Lake Road when it was unsafe to do so.
Mrs. Nevils was not negligent in entering the highway when she did. At that time the Crosby car was so far distant that she was entitled to proceed onto the main thoroughfare in the reasonable assumption that she could do so safely and without obstructing the passage of traffic approaching at a lawful speed under the circumstances.
The legal principles applicable are not in dispute. The primary duty to avoid a collision rests upon the driver entering a highway from a private driveway. However, he is not required to desist from entry so long as any traffic is in sight. He may proceed onto the principal thoroughfare under circumstances when it would appear to a reasonably prudent person that his entry can be made in safety and without obstructing the passage of approaching traffic. West v. Ryder Truck Lines, Inc., 218 So.2d 106 (La.App. 3 Cir. 1969); Zager v. Allstate Insurance Co., 211 So.2d 744 (La.App. 3 Cir. 1968). In the Zager case, the entering motorist was free from negligence although he had traveled only a distance of 60 to 70 feet from the point of entry.
In Cleveland v. McHenry, 179 So.2d 475 (La.App. 3 Cir. 1965) the entering motorist was free from negligence. He had traveled a distance of less than 90 feet from the point of entry. In Jones v. Travelers Insurance Company, 149 So.2d 441 (La.App. 3 Cir. 1963), the entering motorist was free *187 from negligence. He had traveled 120 feet from the point of entry. In McQuillin v. Travelers Indemnity Company, 171 So.2d 691 (La.App. 2 Cir. 1964), the entering motorist was free from negligence. She had traveled 21 feet from the intersection.
The cases cited by Travelers are factually inapposite. They concern situations where the driver entered a main highway at a time when oncoming traffic was closer than in the instant case, so that the entry did create an unreasonable risk of harm. In Josey v. Granite State Fire Insurance Company, 122 So.2d 303 (La.App. 2 Cir. 1960), the impact occurred at the intersection and the entering vehicle had been stopped in that position for more than two seconds before impact. In O’Stean v. Safeco Insurance Company of America, 192 So.2d 620 (La.App. 2 Cir. 1966), the impact occurred after the entering driver had proceeded “near twenty foot” on the right-of-way lane. In Deo Gracias v. Collins, 236 So.2d 295 (La.App. 4 Cir. 1970), the entry was made when the favored vehicle was only 25 to 50 feet from the intersection. In Puckett v. Emmons, 231 So.2d 671 (La.App. 1 Cir. 1970), the entering motorist was just pulling out of the driveway when the accident happened.
QUANTUM
Mrs. Nevils’ family physician, Dr. Arthur Penton, Jr. explained her condition immediately following the December 18, 1968 accident, as follows:
“Mrs. Nevils was quite emotionally upset and concerned about her own injuries, and more concerned about the condition of her children. She was examined and it was found that there were no apparent serious, critical injuries. * * * There was a large, swollen, discolored area on the front part of the left upper leg and there were smaller abrasions and swelling of both lower legs, with no obvious fractures of any bones. She also complained of a severe headache.”
Dr. Penton advised Mrs. Nevils to enter the hospital for observation, but she wanted to go home to be with her children. Pain medication was prescribed, and an injection was administered at the hospital. She was next seen at the doctor’s office twelve days later, complaining of headaches and backaches and pain in both legs. On January 7, 1969 she was apprehensive, nervous and had developed insomnia. Tranquilizers were prescribed. She was improving on January 13. On February 17, she was very nervous and depressed and having bad headaches and chest pains. Also the pain in her left leg was severe. Dr. Penton hospitalized plaintiff from February 19 to February 23. Routine tests gave negative results. On discharge she was given analgesics for pain and tranquilizers and sedation for relaxation.
Dr. Penton concluded that the accident aggravated a chest condition and caused Mrs. Nevils to have back complaints.
In May of 1969, Mrs. Nevils had recovered from the injuries received in the accident.
Mrs. Nevils testified that she stayed in bed the day following the accident, and thereafter walked around with pain. It was two months before she could walk without pain. It was several weeks after the accident, before she could perform all of her household duties.
For these injuries and the pain and suffering related thereto, an award of $1,000.-00 is made to Mrs. Nevils.
James Nevils, III, is entitled to recover the $478.65 in medical expenses incurred to treat the injuries sustained by Mrs. Nevils in this accident.
We affirm the trial court judgment insofar as it fixes the expert fee and awards damages to James Nevils, III, for and on behalf of his four minor children and to him for the medical expenses incurred in their treatment. The balance of the judgment is reversed and set aside.
*188 It is now ordered, adjudged and decreed that there be judgment in favor of James Nevils, III, and against Travelers Insurance Company, for the sum of $478.56, together with legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be judgment in favor of Mrs. Rose Mary Nevils and against Travelers Insurance Company, for the sum of $1,-000.00, together with legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that the third party demand by Travelers Insurance Company is dismissed.
All costs of court, both at trial and on appeal, are assessed to defendant Travelers Insurance Company.
Affirmed in part. In part, reversed and rendered.