295 So.2d 41 (1974)
Ulis MITCHELL
v.
John W. FOWLER, a/k/a Ruby Fowler, et al.
No. 6195.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1974.
*42 Jules A. Fontana, Jr., New Orleans, for plaintiff-appellant.
Hammett, Leak & Hammett, Craig R. Nelson, New Orleans, for defendant-appellee Government Employees Ins. Co.
Before LEMMON and STOULIG, JJ., and MARCEL, J. Pro Tem.
CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
This suit arises out of an automobile accident involving three vehicles, a 1966 Ford Station Wagon operated by plaintiff-appellant, Ulis Mitchell; a 1969 Volkswagen operated by John W. Fowler, and a 1967 Chevrolet owned by Joseph R. Parker, defendants. Defendant, Joseph R. Parker, did not appeal the judgment of the lower court.
The accident occurred at about 5:00 p. m. on June 20, 1972. The district court found the defendant, Joseph R. Parker, negligent and rendered judgment in favor of plaintiff, Ulis Mitchell and in favor of John W. Fowler and his insurer Government Employees Insurance Company. Plaintiff appeals that portion of the judgment of the lower court exonerating defendant, Fowler, of any negligence in the accident. Plaintiff's damages were stipulated in the sum of $1,176.34. We affirm.
Ulis Mitchell, at the time of the accident, was driving his 1966 Ford Station Wagon on St. Bernard Avenue in a northerly direction near its intersection with North Robertson Street. Fowler was driving his Volkswagen in the same direction as Mitchell. Parker had parked his 1967 Chevrolet automobile alongside the curb of St. Bernard Avenue. As Fowler came abreast of Mitchell's vehicle, Parker unexpectedly opened the left front door of his vehicle, causing it to strike the right front fender of the 1969 Volkswagen. Fowler immediately swerved to the left, striking and causing damages to the right front door of the Mitchell vehicle. Fowler's vehicle was also damaged. His damages were paid, with the exception of the $100 deductible, and Government Employees Insurance Company obtained a subrogation agreement for the sum of $479.34, paid to Fowler for his damages.
The court feels that Parker, by opening his left front door in the face of oncoming traffic was negligent.
LSA-R.S. 32:283 states:
"No person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so * * *."
Further, Parker's negligence caused a sudden emergency. Fowler, in an unsuccessful attempt to avoid striking Parker's open door swerved to the left colliding with Michell's vehicle.
The law with respect to sudden emergency is stated in Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972):
"One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. This rule for testing the standard of care imposed by law upon actors in a tort situation has been applied by this Court in Dane v. Canal Insurance Co., 240 La. 1038, 126 So.2d 355 (1961), and Commercial Standard Insurance Co. v. Johnson, 228 La. 273, 82 So.2d 8 (1955). The principle embodied in this rule enjoys almost universal acceptance in the courts of the nation, founded as it is upon common sense and a proper recognition of prudent standards in human conduct. 65A C.J.S. Negligence § 123; 57 Am.Jur.2d, Negligence, § 90. The rule applies to *43 the defendant's as well as the plaintiff's conduct; it is, therefore, appropriate in a consideration of fault as it bears upon contributory negligence."
We are in agreement with the finding of the trial court that there was no negligence on the part of the defendant, Fowler.
For the foregoing reasons the judgment of the trial court is affirmed. Cost of this appeal to be borne by plaintiff-appellant.
Affirmed.