304 So.2d 798 (1974)
Verdie J. POWELL, Plaintiff and Appellant,
v.
STATE FARM MUTUAL INSURANCE CO. et al., Defendants and Appellees.
No. 4758.
Court of Appeal of Louisiana, Third Circuit.
November 27, 1974.
Rehearing Denied January 9, 1975.
Writ Refused March 7, 1975.
*799 Long & Peters by Jimmie C. Peters, Jena, for plaintiff-appellant.
Gist, Methvin & Trimble by DeWitt T. Methvin, Jr., Alexandria, for defendant-appellee.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
On October 13, 1971, a few minutes before 5 o'clock P.M., on a clear dry day, plaintiff Verdie J. Powell, while proceeding west on U. S. Highway 84 in his 1962 Ford Fairlane automobile within the town limits of Jena, in LaSalle Parish, Louisiana, drove off the north shoulder of the road, down a sloping bluff, and overturned his vehicle. Alleging that this non-collision accident was caused by the sole negligence of Harley B. King, he instituted this tort suit to recover personal injury and property damages arising thereunder.
Defendants are Harley King, Orvis A. Hester, d/b/a Hester's Furniture Store, and State Farm Mutual Insurance Company. At the time of the accident, King was an employee of and in the course and scope of his employment with Hester, and was driving Hester's 1958 GMC "bob-tail" truck. The truck was insured against liability by State Farm.
After trial on the merits, the district judge held that the accident was caused solely by the negligence of plaintiff, Powell, in that he was driving at an excessive rate of speed and was inattentive under the circumstances. Plaintiff's suit was dismissed, and he has appealed.
The issues are: (1) Was plaintiff's excessive speed and inattentiveness the sole proximate cause of the accident? (2) Was plaintiff confronted with a sudden emergency? (3) Does the last clear chance doctrine apply? (4) If plaintiff is allowed recovery the amount to be awarded.
The evidence shows the site of the accident and its vicinage to be as follows: U. S. Highway 84 runs east and west. Defendant Hester's Furniture Store is located on the south side of the highway, at the westerly end of a straight stretch of the highway, lying between two curves. From Hester's Furniture Store to the east, a driver's view for oncoming traffic is 622 feet. There is a bridge inside the curve, *800 looking east, which is 572 feet from the east end of the furniture store.
Plaintiff's vehicle went off the north shoulder and down the sloping bluff, across the highway from and a little to the west of Hester's Furniture Store.
At the time and on the day aforementioned, defendant King and his co-employee, Ricky Huffman, had completed the loading of Hester's truck with small furniture, and were preparing to deliver the furniture to Trout, Louisiana. With King driving and Huffman in the passenger's seat, King pulled the truck up to the south edge of U. S. Highway 84 near the east end of the Hester building, preparatory to making a left turn (toward the west) onto the said highway in order to travel toward Trout. According to both King and Huffman, King stopped the truck at the south edge of the highway, waiting for traffic on the highway to clear, and at the time he pulled the truck onto the highway no vehicular traffic was in sight, either to the east or west. Shortly after the truck pulled onto the highway and headed in a westerly direction, King and Huffman testified they heard the screeching of brakes behind them. King immediately pulled the truck over to the shoulder of the road and stopped. Both he and Huffman got out of the truck and saw plaintiff's overturned 1962 Ford Fairlane down the embankment on the north side of the highway.
Plaintiff Powell had no recollection of the accident or the events leading up to it. He apparently suffered a post traumatic type amnesia. Tommy Deville, however, testified that immediately prior to the accident he was riding his Honda motorcycle west in the town of Jena on the aforementioned Highway 84 about 50 feet behind plaintiff, who was also traveling in the same direction. They were both approaching the curve, within which was the bridge, previously referred to as being some 600 feet to the east of Hester's store. Deville testified that he was traveling at a speed of 50 to 60 miles per hour and that plaintiff was traveling at approximately the same speed or perhaps a little faster because plaintiff was pulling away from him. He said that both of them were accelerating as they crossed the bridge in the curve to the east of Hester's store, and that when he (Deville) came around the curve he saw the Hester truck pulling out onto the highway and he immediately slowed his motorcycle down. Deville further stated that plaintiff Powell did not slow down as soon as he did, but instead, shortly thereafter, Powell lost control of his car and drove off the embankment. Deville also testified that the Powell vehicle did not collide with the defendant truck, and that when the vehicle went off the embankment it was approximately 100 feet from the truck.
The record contains other testimony attesting to the speed of the plaintiff vehicle and the fact that said vehicle went off the highway some distance to the rear of or eastward of the defendant truck.
The posted speed limit on the highway in question was 25 miles per hour along the distance traveled by plaintiff, except that just east of Hester's store it was increased to 35 miles per hour.
The trial judge found that plaintiff was traveling approximately 50 miles per hour in an area within the town of Jena with posted speed limits of 25 and 35 miles per hour. The evidence clearly supports this conclusion, as well as the fact that plaintiff was not keeping a proper lookout and not maintaining proper control of his vehicle. It is evident that plaintiff's own negligence in these particulars caused the accident.
It necessarily follows that plaintiff cannot claim the shelter of the sudden emergency doctrine, for in order to apply that doctrine the claimant must not have brought about the emergency by his own negligence. Dick v. Phillips, 253 La. 366, *801 218 So.2d 299 (1969); Smith v. Marquette Casualty Company, 247 La. 1054, 176 So.2d 133 (1965).
The trial judge did not reach the question of whether or not the defendant King was negligent. Nevertheless, in his reasons for ruling he strongly suggested that he was not. We find that the facts of this case absolve King from wrongdoing. He was not negligent in entering the highway when he did. The evidence preponderates that the plaintiff vehicle was not in view when the truck entered the highway. Additionally, King's view to his right or to the east (from which direction plaintiff's vehicle ultimately came) was clear for some 600 feet, and it was reasonable for King to assume that he could safely enter the highway, and that the lawful speed limit would be observed by any vehicles which at the time may have been beyond his point of vision.
The jurisprudence is clear, as applied to the factual situation which faced defendant King when he proceeded onto the highway. In Cleveland v. McHenry, 179 So.2d 475 (La.App. 3rd Cir. 1965) we quoted from previous cases as follows:
"`The primary duty of avoiding a collision rests upon the driver of a vehicle entering a public highway from a private driveway, such a driver being required to keep a lookout for vehicles upon the highway and to not enter highway until it becomes apparent to him, or until it should become apparent to a reasonably prudent person, that he can do so safely. Holland v. United States Fidelity & Guaranty Company, La.App. 2nd Cir., 131 So.2d 574; Vidrine v. Simoneaux, La. App. 3rd Cir., 145 So.2d 400; Chandler v. Grain Dealers Mutual Insurance Company, La.App. 2nd Cir. 131 So.2d 606. The motorist intending to enter a main highway from a private driveway, however, is not required to desist from making his entry as long as any traffic is in sight, but his duty is only to refrain from doing so until it should appear to a reasonably prudent person that the entry can be made in safety and without obstructing the passage of traffic from either side. Higginbotham v. Frazier, La. App., 1st Cir., 92 So.2d 89 (cert. denied).'"
See also Nevils v. Travelers Insurance Company, 255 So.2d 184, (La.App. 3rd Cir. 1971) and cases cited therein.
Finding no actionable negligence on the part of the defendant, King, we cannot, as suggested by appellant, consider the application of the "last clear chance" doctrine to allow recovery. Last Clear Chance does not apply until it is shown that both plaintiff and defendant were negligent and that their negligence was a cause of the ensuing injury. See 27 La.L. Rev. 269.
For the above and foregoing reasons the judgment appealed, which rejected plaintiff's demands at his costs, is affirmed. All costs of the appeal are assessed to plaintiff-appellant.
Affirmed.