317 So.2d 688 (1975)
Cora DOLAN
v.
NEW ORLEANS PUBLIC SERVICE INC.
No. 6916.
Court of Appeal of Louisiana, Fourth Circuit.
August 5, 1975.
Rehearing Denied September 9, 1975.
Writ Refused November 14, 1975.
*689 Gregory M. Porobil, New Orleans, for plaintiff-appellee.
Gordon F. Wilson, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
Plaintiff, Mrs. Cora Dolan, was awarded $25,791 as general and special damages for an injury sustained while she was a passenger on a public streetcar operated by defendant, New Orleans Public Service Inc., on June 21, 1972. Defendant has appealed.
Mrs. Dolan's status as a transit passenger and her injury is conceded by defendant; therefore, in reviewing liability, we must determine whether defendant proved its freedom from fault. It is well settled that proof of an injury to a farepaying passenger on a public conveyance imposes on the common carrier the burden of exculpating itself from negligence.[1] Because common carriers owe their passengers the "highest degree of care," it devolves on the defendant transit company to prove its operator was free from the slightest negligence that might be a causative factor of the accident.[2] This it failed to do.
The undisputed facts are that Mrs. Dolan boarded a St. Charles streetcar at a regular car stop at the corner of South Carrollton Avenue and Hickory Street. She paid her fare and began walking from the front entrance toward a seat. As she was in the aisle near the parallel seats that are located at the front of the streetcar, the motorman abruptly slammed on the air brakes and the sudden deceleration threw Mrs. Dolan off balance. She fell backward and struck her back on the metal stripping on the edge of the step between the entry platform and the seating area on the streetcar.
Nelson C. Washington, Jr., the motorman, testified he braked the streetcar abruptly because a vehicle moving on South Carrollton Avenue in the same direction as the transit car suddenly turned left into the Hickory intersection and a collision seemed imminent. However, under cross-examination, he admitted there is a mirror on the right outside of the streetcar that gave him a view of traffic proceeding in the street in the same direction the streetcar was moving. Although he denied seeing the car before it began its turn into Hickory Street, this is contradicted by the following colloquy between him and the trial judge:
"THE COURT: That mirror is to determine if cars are coming or making left turns; is that what that is for?
THE WITNESS: I guess so.
THE COURT: Did you look in the mirror?
THE WITNESS: Yeah.
THE COURT: And you didn't see that car approaching?
THE WITNESS: Well, I had him beat across the intersection."
Thus the motorman's statements demonstrate he breached the duty of care owed to the passenger in his operation of the streetcar. The tenor of his testimony, when considered as a whole, is to the effect he saw the approaching vehicle but miscalculated his ability to clear the intersection before it began its turn. This miscalculation, which created the emergency *690 necessitating the sudden and vigorous application of the brakes, constituted the breach of the "highest degree of care" owed to the plaintiff-transit passenger, causing her injury. We have no difficulty concluding Washington's testimony falls far short of the evidence required to conclude New Orleans Public Service Inc. carried its burden of proof to exculpate it from negligence.
Defendant argues this case is factually analogous to Carter v. New Orleans Public Service, Inc., supra. We disagree.
In Carter, the driver, having committed no negligent act, was confronted with an unexpected emergency requiring him to suddenly brake his bus. In this case, the attempt to "beat the car" across the intersection helped precipitate the emergency situation. When Washington slammed on the air brakes of the streetcar, he was acting to avoid a danger which he helped create and, in so doing, was a causative factor in Mrs. Dolan's injury.
We next consider quantum. Appellant complains an award of $25,000 is excessive general damages for the injury Mrs. Dolan sustained. The medical evidence, all submitted by plaintiff, establishes she suffered a compressed fracture of the body of the L-1 vertabra. Compressed to 50 percent of its normal height, it was described as a painful and inoperable condition. Mrs. Dolan was hospitalized for three weeks shortly after the accident, during which time she was fitted with a Jewett (ramrod) brace. It was attached to her body at three pointsthe public region, midback and at the windpipeand held her body in a rigid position. The wearer has extreme difficulty moving from a sitting to a standing position. Mrs. Dolan wore this brace for four months. She was treated by an orthopedic team in New Orleans until mid-July, 1972, when she visited her daughter in California so that she could help take care of her. Plaintiff was treated by a California orthopedist, who discharged her in October, 1972 because of her planned return to New Orleans. The physician noted in his report:
"COMMENT: In my opinion this patient did sustain as a result of the incident of 6-21-72, when she fell as a result of a sudden bus jerk, a fracture of the D-12 and L-1 vertebral bodies. She continued to improve while under care in this office although she did have evident distress in the lumbosacral spine area. However, she should continue to convalesce and ultimately her prognosis is quite good."
Dr. John F. Nabos, the New Orleans, orthopedist who testified, said her permanent residual disability consisted of a permanent alteration of her spine because the height of the damaged vertabra, compressed to 50 percent of its normal size, will not increase. He said her complaints of intermittent back pain after her discharge were to be expected and would probably continue because people of her advanced age (70 years at the time of the accident) and with the amount of compression she suffered usually experience pain.
Under these circumstances an award of $25,000 general damages, while on the high side of the spectrum for this type of injury, is not an abuse of the much discretion vested in the trial court and under Gaspard,[3] the award must not be disturbed.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963).
[2] Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1974).
[3] Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).