346 So.2d 300 (1977)
Joseph SIMMS
v.
James ESTRIDGE and ABC Insurance Company and New Orleans Public Service, Inc.
Carl P. KELLY and Robert Sylvester
v.
NEW ORLEANS PUBLIC SERVICE, INC., Leonard E. Johnson, Jr. and James N. Estridge, a/k/a Jimmy N. Estridge.
Leslie SIMMONS
v.
NEW ORLEANS PUBLIC SERVICE, INC., Leonard E. Johnson, Jr., and James N. Estridge.
Nos. 8101-8103.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1977.
*301 Bridgeman & Conway, Michael J. Moran, Metairie, for plaintiffs-appellees, Carl P. Kelly and Robert Sylvester.
Gerald P. Aurillo, Metairie, for plaintiffappellee, Leslie Simmons.
Floyd F. Greene, New Orleans, for defendant-appellant, New Orleans Public Service Inc.
Gauche, Wegener & Oster, Robert J. Oster, Edmund T. Wegener, Jr., Stephen F. Babin, New Orleans, for defendant-appellee, James N. Estridge.
Dodd, Barker, Boudreaux, Lamy & Gardner, William F. Dodd, New Orleans, for plaintiff-appellee, Joseph Simms.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
GULOTTA, Judge.
Plaintiffs, passengers on a NOPSI Canal Street bus traveling in the neutral ground area [1] in the direction of the river, sustained injuries in an accident between the bus and a left-turning automobile at the intersection of Canal and Villere Streets in the City of New Orleans. In these consolidated actions, judgment was rendered in solido against defendant NOPSI, its driver and James N. Estridge, the driver of the turning vehicle. Estridge's third party demand against NOPSI was dismissed. Only NOPSI appeals. Quantum is not at issue.
The solidary liability of the defendants is based on the trial judge's finding of concurrent negligence on the parts of both drivers. In written reasons for judgment, the trial judge stated:
"From the evidence adduced during the trial of these cases, the Court is of the opinion that both the bus driver and Mr. Estridge were negligent, and it was the negligence of both which caused the accident. Both saw each other, and had either done what he should have done the accident would not have happened. The Court is of the opinion that the automobile *302 was not stopped when struck, and that the bus was being driven too fast under the circumstances."
On appeal, it is NOPSI's contention that the bus driver in the instant case acted reasonably after being confronted with a sudden emergency arising from no fault or negligence on his part. Factually, NOPSI's version of the accident is that the driver of the automobile, traveling in the same direction on Canal Street as the bus, but at a slightly greater speed, entered the left-turn lane and brought his vehicle to a stop (or slowed down to an almost complete stop). The automobile driver then looked in the direction of the river from where an oncoming NOPSI bus traveling in the direction of the lake was approaching, whereupon he immediately executed a left turn directly into the path of the bus, causing the bus to execute a left veering movement. According to NOPSI, the bus driver was unable to avoid striking the left front of the turning automobile.
The automobile driver and plaintiffs, passengers on the bus, claim, on appeal, that the bus driver, aware of the presence of the automobile to the driver's right and also aware that he was preparing to make a left turn in front of the oncoming bus, made no attempt to reduce the already excessive speed of the bus. We agree.
By his own testimony, the bus driver indicated that he had been aware of the automobile as it traveled in the same direction on his right for approximately one block before the intersection of Villere and Canal Streets. The bus driver stated that he had seen the motorist, slightly ahead of the bus, in the left-turn lane of Canal street and had anticipated that the motorist was going to make a left turn. He further testified that the driver of the automobile was looking in the other direction at another bus traveling in the lakebound bus lane. Though the bus driver stated that he had sounded his horn two times and had reduced the speed of the bus, one of the passengers indicated that the bus was traveling at a greater speed than buses normally travel on Canal Street in the area of the intersection where the accident occurred. The bus driver himself testified that his speedometer was not functioning and that he may have been exceeding the speed limit prior to applying his brakes.
According to the well-established jurisprudential rule, common carriers are charged with the duty of exercising the highest degree of care to their passengers and are liable for the the slightest negligence causing injury to those passengers. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); Vaughn v. New Orleans Public Service, Inc., 314 So.2d 545 (La.App. 4th Cir. 1975). Proof of injury to a fare-paying passenger imposes upon the carrier the burden of showing it was free from such negligence. Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1974); Dolan v. New Orleans Public Service, Inc., 317 So.2d 688 (La.App. 4th Cir. 1975), writ denied, 322 So.2d 774 (La.1975). However, when the carrier is confronted with a sudden emergency through no fault or negligence of its own, it will not be held liable for damages or injury sustained by its passengers. Carter v. New Orleans Public Service, Inc., supra; Walker v. New Orleans Public Service, Inc., 245 So.2d 763 (La.App. 4th Cir. 1971). Nevertheless, the doctrine of sudden emergency cannot be invoked by a party who creates the emergency situation through his own negligence. Dick v. Phillips, 253 La. 366, 218 So.2d 299 (1969); Powell v. State Farm Mutual Insurance Co., 304 So.2d 798 (La.App. 3d Cir. 1974), writ denied, 309 So.2d 339 (La.1975).
The trial court's conclusion that the bus "was being driven too fast" is a credibility determination supported by the record. We conclude, because the bus driver's own negligence created the emergency, NOPSI cannot invoke the sudden emergency doctrine.
Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] The neutral ground of Canal Street at the site of the accident is paved and divided into two lanes reserved for NOPSI bus traffic.