GARRISON, Judge.
This is an appeal from a judgment of the district court granting to plaintiff, Louise M. Untereiner, damages in the amount of $66,298.50, including $6,298.50 medicals, for injuries sustained by her on June 5, 1978 as a result of a near-collision between the N.O. P.S.I. bus on which she was riding and a pedestrian. Louise Untereiner, who was 63 years old at the time of the accident, was thrown forward into the metal coin collector, when the bus driver slammed on his brakes in order to avoid hitting a pedestrian who had darted in front of the bus. From that judgment which we affirm, the defendant appeals.
On appeal, defendant argues that the trial court erred in failing to exonerate the defendant on the basis of the sudden emergency doctrine. In this state, the sudden emergency doctrine is applicable to carriers of passengers for hire when the carrier is confronted with a sudden emergency arising from no fault or negligence on the part of the carrier. Shannon v. Shreveport Transit Co., 149 So.2d 206 (App. 2nd, 1963); Sepulvado v. General Fire & Casualty Co., 146 So.2d 428 (App. 3rd, 1962); Johnson v. Shreveport Transit Co., 137 So.2d 463 (App. 2nd, 1962).
In the instant appeal, plaintiff, an elderly woman, was proceeding down the central aisle when the brakes were applied, hurling her backwards. If the defendant had not started the bus until the plaintiff had been seated, Louise Untereiner would have been securely seated at the time of the accident. The bus driver should have recognized that plaintiff was an elderly woman and should have waited, giving her the opportunity to be seated prior to starting the bus.
In Miller v. New Orleans Public Service, 196 So. 86 (Or.App., 1940) the court stated:
“ Unless there is something about the appearance of a passenger which should make it apparent that the passenger is old or infirm, or otherwise physically incapacitated, or is unusually encumbered with bundles, it is not negligence for those in charge of a street car to cause it to start before the passenger has obtained a seat.” (At 87) (emphasis added)
Thus the bus driver was under an affirmative duty to refrain from starting the bus until plaintiff was seated.
The second issue raised on appeal by the defendant is that the trier of fact abused his discretion in the amount of damages awarded to plaintiff, which damages it is contended should be reduced. Plaintiff, conversely, contends that damages should be increased by $20,000.00. Our review of the record and evidence of the particular case, as well as a review of relevant case-law, convinces this court that no clear abuse of discretion is evident. Reck v. Stevens, 373 So.2d 498 (1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (1976).
For the reasons assigned, the judgment of the trial court is affirmed.

AFFIRMED.