GULOTTA, Judge.
Plaintiff-bus passengers appeal the dismissal of their suit against New Orleans Public Service, Inc. (NOPSI) for personal injuries sustained in a bus-auto collision. We affirm.
The accident occurred on June 29, 1977, on Louisa Street between Higgins and La-freniere Streets in the City of New Orleans. At the scene, Louisa is a north-south, four-lane divided thoroughfare that curves 110-120° between these cross streets. The NOPSI bus was moving in a southerly direction on Louisa when its right front bumper struck the left rear end of the automobile.
According to plaintiffs’ version of the accident, the bus was traveling at an excessive rate of speed when rounding the curve and rear-ended the left turning automobile traveling in the same direction. NOPSI’s version, on the other hand, was that the automobile suddenly came from a parked position on Louisa immediately into the path of the oncoming bus and the bus driver could not avoid the collision.
*1322 In oral reasons for judgment dismissing plaintiffs’ suit, the trial judge found plaintiffs had not sustained the burden of proving that the bus had been going at an excessive rate of speed prior to impact. He further stated:
“New Orleans Public Service does not have any burden except to show that they were not negligent provided there was some evidence that they were. And we don’t find, after weighing all the testimony of the witness’ carefully and noticing continually that each and every witness in the essential facts about this case gave a different version of what occurred.”
Appealing, plaintiffs contend the trial judge erred: 1) in imposing a “preponderance of the evidence” burden on plaintiffs, instead of requiring NOPSI to exculpate itself from the “slightest degree of negligence” after plaintiffs had established a prima facie case; and 2) in finding the bus had not been traveling at an excessive rate of speed when virtually all the plaintiffs and an independent witness testified the bus seemed to be going too fast. This excessive speed, plaintiffs claim, constitutes a “slight” if not a “great deal” of negligence under the circumstances.
Proof of injury to a fare-paying passenger imposes upon the carrier the burden of showing it was free from the slightest negligence. Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1975); Simms v. Estridge, 346 So.2d 300 (La.App. 4th Cir.1977). Nevertheless, when a carrier is confronted with a sudden emergency through no fault or negligence of its own, it is not liable for resulting injury to its passengers. Carter v. New Orleans Public Service, Inc., supra; Walker v. New Orleans Public Service, Inc., 245 So.2d 763 (La.App. 4th Cir.1971).
Assuming the trial judge misstated plaintiffs’ burden of proof, we conclude his error is harmless in this case. Under the proper test of liability, NOPSI exculpated itself from the presumption of negligence by showing the bus driver had been confronted with a sudden emergency and could not have avoided the accident.
Although plaintiffs’ witnesses .testified the bus had been traveling at an excessive rate of speed, the bus driver stated he was driving 30 mph in a 35 mph zone.[1] Further, as noted by the trial judge, no complaints of excessive speed were made to the investigating police officer shortly after the accident.[2]
According to the NOPSI driver, the automobile “pulled out” into his path from a parked position approximately “a bus or a bus and a half” length ahead of the bus. Implicit in the judgment of the trial court are conclusions that the bus driver was not moving at an excessive rate of speed and also that the bus driver, faced with a sudden emergency, exculpated himself from negligence. We find no error. The judgment is affirmed.
AFFIRMED.

. According to the bus driver, NOPSI buses have a “governor” that limits the bus’ maximum speed to 40 mph, and most city buses run at speeds of approximately 37 mph. The investigating police officer testified the speed limit on Louisa at the scene was 35 mph.

. It is apparent from a reading of the testimony of the bus passengers that their statements lack credibility.