459 So.2d 655 (1984)
Mrs. Ann M. WEIR
v.
Jacqueline GASPER, Allstate Insurance Company, New Orleans Public Service, Inc., and Eldrena Moss.
No. CA-1943.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
Writ Denied January 14, 1985.
*656 Weir & Robinson, Andrew M. Weir, Metairie, for appellee.
Floyd F. Green, Lozes, Cooper & Lozes, Jeffery P. Lozes, New Orleans, for appellants.
Before GULOTTA, SCHOTT and WARD, JJ.
GULOTTA, Judge.
In this action by a bus passenger injured in a bus-auto collision, judgment for $125,000 in general damages and $8,818.58 in medical expenses was rendered in favor of the plaintiff and against New Orleans Public Service, Inc. (NOPSI), its bus driver, the automobile driver, and her liability insurer, in solido.
The accident occurred at the intersection of Canal and Crozat Streets in the City of New Orleans. The NOPSI bus was traveling riverbound on Canal Street in the median area reserved for bus traffic. The defendant automobile, which had been traveling in the same direction on Canal Street, was attempting to execute a left turn across the median area in front of the bus. In the resulting collision, the 74 year old plaintiff bus passenger was thrown forward and sustained serious hip injuries.
In written "Reasons for Judgment", the trial judge found both drivers at fault:
"The Court has found the defendants drivers liable in solido for plaintiff's injuries. Plaintiff as a fare paying passenger on the New Orleans Public Service bus is owed a very high degree of care by the New Orleans Public Service and its driver. The bus driver had a duty to be vigilant and to anticipate what could reasonably be expected considering the traffic conditions at the time and place of the accident. There was testimony from an independent witness that the bus driver saw the approach of the Gasper vehicle in time to blow the horn of the bus prior to the impact. The Court is of the opinion that New Orleans Public Service, Inc. and its driver violated the duty owed to plaintiff and are therefore liable for the plaintiff's injuries and damages.
Mrs. Gasper was attempting a left turn maneuver at Crozat Street when the accident occurred. She had a duty, of course, to yield the right of way to the New Orleans Public Service bus which she failed to do. As a left-turning motorist in a collision she bears the burden of exculpating herself from a presumption of fault. She failed in that duty and the *657 Court is of the opinion her negligence was a cause of plaintiff's injuries and damages."
Appealing, NOPSI contends the driver of the automobile was solely at fault for the accident. In a separate appeal, the auto driver contends that NOPSI was solely at fault, or alternatively, that the trial judge erred in failing to assess percentages of fault under the doctrine of comparative negligence. In answer to the appeal, plaintiff[1] seeks an increase in special damages for medical expenses.
Although evidence concerning the accident was somewhat conflicting, the record supports the trial court's finding of solidary liability based on the drivers' concurrent negligence.
According to Eldrema Moss, the NOPSI driver, after stopping for a traffic light at Canal and Liberty Street she continued traveling riverbound on the Canal Street median at a slow speed, "not even 10 MPH" as she approached a left-turn or "U-turn lane" for automobile traffic crossing the median bus path at Canal and Crozat. Moss testified, however, that she had not seen the defendant left-turning vehicle until "a split second" before the collision, and was unable to take any evasive action, blow her horn or apply her brakes before impact between the car's left front fender and the bus' right front wheel.
On the other hand, Jacqueline Gasper, driver of the automobile involved, testified that she had proceeded into the left-turn lane at Crozat and stopped before crossing the median area. After checking for lakebound traffic on Canal, she looked to her left, but a light standard blocked her view. When she moved her vehicle forward "about a foot or two", she collided with the bus, which she had not seen previously.
In addition to the drivers' versions, the trial court had the benefit of other testimony. Nicholas Debello, a bus passenger, had noticed defendant's car traveling alongside the bus, before the car "speeded up a little" at the Crozat intersection and turned left in front of the bus. According to this witness, the bus driver, who had been turning around and talking to a passenger before the collision, was caught "completely by surprise" by the impact. A second passenger, Ronald J. Scott, likewise observed the car pass alongside the bus and turn in front of it, but, did not see anyone talking to the bus driver before the collision.
Another witness, Anna W. Clay, was attempting to cross Canal Street at Crozat when she saw the bus traveling at the same speed on the median as defendant's car in the left turn lane. According to this witness, the bus driver sounded her horn for one-half block before the impact without applying her brakes.
As indicated by the trial judge, NOPSI has a duty of exercising the highest degree of care as a common carrier to its fare-paying passengers, and is liable for the slightest negligence causing injury. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); Simms v. Estridge, 346 So.2d 300 (La.App. 4th Cir.1977). The record supports a conclusion that the bus driver was negligent by failing to observe that the automobile in the turning lane had given no indication, by a reduction in speed or otherwise, that it intended to yield to the bus. Recognition of this circumstance would have afforded the driver an opportunity to avoid the accident. Upon proof of injury to the plaintiff passenger, we conclude NOPSI has failed to exculpate itself from the presumption of negligence under these circumstances.
In so holding, we reject NOPSI's contention that the bus driver was confronted with a "sudden emergency" created by the left-turning vehicle. The doctrine of sudden emergency does not apply in the instant case, since the NOPSI driver's own negligence created the emergency situation. Simms v. Estridge, supra.
*658 We likewise reject the automobile driver's contention that NOPSI was solely at fault for the accident. Notwithstanding the driver's emphasis upon the obstruction of her view by the light standard, it is obvious that she had been traveling alongside the bus before executing the left turn, and should have been aware of its approach and her duty to yield to the bus. Under the circumstances, we conclude that defendant Gasper failed to exculpate herself from the presumption of negligence imposed on a left or U-turning motorist involved in such an accident with a following vehicle. See Case v. Arrow Trucking Co., 372 So.2d 670 (La.App. 1st Cir.1979).
We do find merit, however, to Gasper's contention that the trial court's judgment is defective by failing to assess percentages of fault under the Louisiana law of comparative negligence, which applies to this accident occurring on January 3, 1981. LSA-C.C. Art. 2103, adopted in 1979, and effective August 1, 1980, provides that a solidary obligation arising from a quasi-offense, "... shall be divided in proportion to each debtor's fault." Although the innocent plaintiff bus passenger is entitled to seek full recovery from any one of the solidary defendants cast in judgment, the apportionment of each judgment-debtor's fault may determine the amount of contribution owed by the debtors to each other.
The evidence considered, together with the trial judge's written reasons articulating the defendants' respective breaches of duty, we conclude that each driver was equally at fault in causing the collision. Accordingly, as between themselves, each driver is responsible for one-half of the judgment in favor of plaintiff.
Although there is no dispute concerning the amount of the $125,000.00 general damage award, plaintiff, in answer to defendants' appeals, contends that the $8,818.58 special damage award for medical expenses should be increased to include an additional $32,760.58 in medical expenses incurred by her but paid by Medicare. Citing the "collateral source" doctrine, plaintiff argues that her tort recovery should not be diminished because of these insurance benefits. We agree.
Under the "collateral source" rule, an injured plaintiff's tort recovery is not diminished because of insurance benefits received by plaintiff from sources independent of the tortfeasor's procuration or contribution. Womack v. Travelers Ins. Co., 258 So.2d 562 (La.App. 1st Cir.1972), writ refused 261 La. 775, 260 So.2d 701 (1972); Hudson v. Thompson, 422 So.2d 640 (La.App. 3rd Cir.1982). This rule was applied in Womack v. Travelers Ins. Co., supra, to Medicare payments received by an injured plaintiff. Accordingly, we conclude that the trial court erred in failing to award the entire amount of stipulated medical expenses in the sum of $41,579.16.
Accordingly, that portion of the judgment awarding plaintiff medical expenses in the amount of $8,818.58 is hereby amended and increased to the sum of $41,579.16. In all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Plaintiff has since died. The testamentary executrix of her estate has been substituted as party plaintiff and appellee-appellant in the instant case.