672 So.2d 1013 (1996)
Janie Mae WILLIS
v.
REGIONAL TRANSIT AUTHORITY, Haron Shelton and Liberty Lloyds Insurance Company.
No. 95-CA-2350.
Court of Appeal of Louisiana, Fourth Circuit.
March 27, 1996.
*1014 Neville G. Orrett, Kenner, for Plaintiff/Appellant.
Kenneth Randall Evans, Lane A. Schaffer, the Law Offices of K. Randall Evans, New Orleans, for Defendant/Appellee.
Before KLEES, JONES and LANDRIEU, JJ.
LANDRIEU, Judge.
This case arises from a accident in which Janie Mae Willis was injured while a passenger on a Regional Transit Authority (RTA) bus. The trial court granted a directed verdict in favor of the RTA. We affirm.
In November 1989, Willis boarded a RTA bus driven by John Legier at the corner of Canal and Marais Streets. While Legier waited for a traffic signal to change, Willis, who has arthritis, slowly made her way to a seat after passing several rows of empty seats. Before she was completely seated, the bus began to accelerate in the right hand lane of the street. Within 10-15 feet from the corner of Marais Street, the driver of a vehicle in the parking lane opened his door into the path of the bus. Legier applied his brakes to stop the bus because he could not swerve due to a vehicle in the middle lane.
A vehicle driven by Haron Shelton, and insured by Liberty Lloyds Insurance (Lloyds), struck the rear of the bus causing Willis to fall. Willis filed suit against the RTA, Shelton, and Lloyds for her injuries.[1] With the consent of all parties, the trial court bifurcated the issues of damages and liability. The trial court granted RTA's motion for a directed verdict as to its liability. Willis asserts that:
1. The trial court erred in determining that the bus driver stopped because of a sudden emergency and that the emergency was through no fault of Legier;
2. The trial court erred in determining that the bus driver was not negligent in accelerating before Willis was seated; and
3. The general rule that a bus driver is not negligent for accelerating the bus before all passengers are seated is inconsistent with social policy.

DISCUSSION
The standard for reviewing a motion for directed verdict for a non-jury case is whether the plaintiff proved his case by a preponderance of the evidence. Tran v. Comet Constr. Co., Inc., 450 So.2d 728 (La. App. 4th Cir.1984). The verdict is to be reversed only if the trial court committed a manifest error. Fourcade v. City of Gretna, 598 So.2d 415 (La.App. 5th Cir.1992).

ASSIGNMENT OF ERROR NO. 1
Willis asserts that the RTA did not meet its burden of proof that Legier was not negligent for stopping the bus so quickly. Once Willis made a prima facie case that she had been injured, the burden shifted to the RTA to prove that Legier was confronted with a sudden emergency. See Price v. New Orleans Public Service, Inc., 425 So.2d 1321 (La.App. 4th Cir.1983).
Legier testified that he stopped the bus when the automobile door opened because there was a vehicle in the next lane prohibiting him from swerving. Shelton testified that he hit the bus after it stopped. Statements given by Legier and Shelton to *1015 James Anderson, the investigating police officer, immediately after the accident were consistent with their trial testimony. Willis testified that she did not see any automobiles parked on Canal Street so she could not contradict any of the testimony.
Willis argues, however, that when Legier saw the automobile pull to the curb and park, he should have anticipated that the driver would open his door and, accordingly, should have waited until the driver exited before he accelerated the bus. This argument is unpersuasive because it is illogical to expect all drivers to immediately exit their automobiles upon parking.
Because the bus had only travelled the width of Marais Street plus an additional 10-15 feet, it can be presumed that the bus was travelling well below the speed limit of 35 m.p.h. The bus driver stated that when the automobile door opened, he did not slam on his brakes but brought the bus to a complete stop. Legier did not create the sudden emergency and was not negligent in his actions.
Common carriers are not the insurers of the safety for all passengers for all events that may occur, (Walker v. New Orleans Public Service, Inc., 245 So.2d 763 (La.App. 4th Cir.1971)), and is not an insurer against the negligent acts of a third party and their disregard for the law. Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1974). More specifically, a motorist is not responsible for an accident that occurs because he reacted to a car door suddenly opening into his lane of traffic. Mitchell v. Fowler, 295 So.2d 41 (La.App. 4th Cir.1974).
In this case, the driver of the parked car violated the law because it is an offense to open a motor vehicle's door into moving traffic unless it is reasonably safe to do so. La.Rev.Stat.Ann. 32:283 (West 1989). Therefore, Legier was not negligent for stopping the bus and the RTA is not liable for Willis' injury. We find no error in the trial court's judgment that Legier stopped because he was faced with a sudden emergency.

ASSIGNMENT OF ERROR NO. 2
Willis asserts that the bus driver was negligent by accelerating the bus before she was completely seated. She cites Untereiner v. NOPSI, 385 So.2d 587 (La.App. 4th Cir. 1980), writ denied, 392 So.2d 1067 (La.1980) for the proposition that a bus driver has the affirmative duty to refrain from starting the bus until a passenger who is old, infirm or physically impaired is seated.
However, a closer reading of Untereiner indicates that the driver has no duty to wait for a passenger to be seated unless there is something about the appearance of the passenger that makes it apparent that the passenger has one of the above limitations. Id. at 588. Willis testified that she did not tell the driver that she was impaired nor ask the driver to wait until she was seated. She did not sit in the seats designated for handicapped passengers and did not use a walking aid.
Willis contends that Legier should have known that she was physically impaired because she used the hand rail when getting on the bus. However, the fact that Willis used the hand rail entering the bus is insufficient to put Legier on notice that Willis was physically impaired. We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 3
Willis asserts that it is a contravention of public policy to not find a bus driver negligent for accelerating the bus before all passengers are seated. To assign such a duty to a bus driver, however, we have to consider factors such as the ease of administration and economic feasibility of creating this duty as well as the moral necessity of such a duty.
It is important for our society to provide public transportation that is both financially feasible for the general public and safe for its users. Buses are designed to carry both seated and standing passengers in order to maximize usage. To assign the duty that Willis demands would eliminate all standing passengers and would be economically unfeasible.
Willis' most persuasive argument for assigning such a duty is for the safety of the passengers. Currently, if a passenger appears to be old, infirm or physically impaired or asks a driver to wait until they are seated because they have another problem, *1016 the driver, having been placed on notice, has a duty to assure it is prudent to accelerate the bus. After weighing the benefits and the consequences, we decline to assign a duty to bus drivers to wait for all passengers to be seated before accelerating.
For the above reasons, we affirm the trial court's judgment.
AFFIRMED.
NOTES
[1] The unidentified driver who opened his door into the traffic left the scene of the accident.