683 So.2d 891 (1996)
Michael J. MOLONY, Jr.
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, et al.
No. 96-C-1747.
Court of Appeal of Louisiana, Fourth Circuit.
November 6, 1996.
*892 Timothy G. Schafer, Schafer & Schafer, New Orleans, for Defendant/Relator.
Dominic J. Gianna, Wade P. Webster, Middleberg Riddle & Gianna, New Orleans, for Plaintiff/Respondent.
Before CIACCIO, LOBRANO and JONES, JJ.
CIACCIO, Judge.
Defendant, United Services Automobile Association, seeks review of the trial court's judgment denying its motion in limine to exclude evidence of the plaintiff's medical expenses. Plaintiff, Michael Molony, Jr., was injured in a vehicular-pedestrian accident on December 18, 1991. Molony filed suit against the driver of the vehicle, Lawrence Bates; Bates' insurer, State Farm Mutual Automobile Insurance Company; and plaintiff's uninsured motorist carrier, United Services Automobile Association. The plaintiff's employer's workers compensation carrier paid most of plaintiff's medical expenses. Neither plaintiff's employer nor his workers compensation carrier has intervened in the proceedings. The plaintiff has settled with Bates and State Farm and is proceeding to trial against USAA only.
USAA filed a motion in limine to exclude evidence of the cost of the medical treatment received by the plaintiff as the expenses had been paid by plaintiff's employer and/or workers compensation carrier. USAA argued that it and the plaintiff's employer and/or workers compensation carrier were solidarily liable to the plaintiff for the medical expenses and therefore, payments made by the workers' compensation carrier should exonerate USAA to the extent of that payment. In support of its argument, defendant cites Williams v. Sewerage and Water Board of New Orleans, 611 So.2d 1383 (La.1993) for the proposition that it and the plaintiff's workers compensation carrier are solidarily liable.
In Williams, the plaintiffs' decedent, an employee of the Sewerage and Water Board, was electrocuted and fatally injured when the crane he was operating touched a power line. Initially, suit was brought against the Sewerage and Water Board and its executive officers; New Orleans Public Service, Inc., the owner of the power line; and "ABC Corporation," the manufacturer of the crane. By supplemental petition, the plaintiff named Little Giant as the manufacturer of the crane. Prior to trial, the tort claims against NOPSI and the Sewerage and Water Board were dismissed. During trial, Little Giant filed an exception of prescription. The trial *893 court denied the exception, finding Little Giant and the Sewerage and Water Board were solidarily liable and concluding that prescription was interrupted when the plaintiffs filed suit against the Sewerage and Water Board. The appellate court concluded that Little Giant and the Sewerage and Water Board were not solidarily liable and reversed the trial court's ruling. The court held that timely suit against the Sewerage and Water Board did not interrupt prescription against Little Giant. The Supreme Court reversed the appellate court's decision, holding that "[b]ecause some elements of the damages recoverable from the employer and the tort-feasor are coextensive, ... they are solidarily bound to that extent." Williams, 611 So.2d at 1384.
A similar analysis was previously used by the Supreme Court to find solidary liability between plaintiff's uninsured motorist carrier and a tortfeasor in Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La. 1982) and between an employer and a tortfeasor in Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192 (La.1983). We relied upon the language of the Supreme Court in Narcise and Williams to conclude that plaintiff's employer and a tortfeasor were solidarily liable in Vedros v. Public Grain Elevator of New Orleans, 94-0659, (La.App. 4th Cir. 4/13/95), 654 So.2d 775, writ denied, 95-1205 (La. 6/23/95), 656 So.2d 1024.
In its discussion on solidary liability in Hoefly, at 576, the Court defined a solidary obligation as one where the obligors "are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor." In the present case, plaintiff's workers compensation carrier and USAA, the plaintiff's uninsured motorist carrier, have coextensive obligations. Plaintiff's workers compensation carrier and USAA both have the obligation to reimburse the plaintiff for lost wages and medical expenses incurred as a result of his injury. USAA is also obliged to provide the plaintiff with reparation for the general damages he sustained in the accident, such as pain and suffering and mental anguish.
Plaintiff counters that the collateral source rule applies to the present situation. Under the collateral source rule, an injured plaintiff's tort recovery is not diminished because of insurance benefits received by plaintiff from sources independent of the tortfeasor's procuration or contribution. Friedmann v. Landa, 573 So.2d 1255 (La. App. 4th Cir.1991); Weir v. Gasper, 459 So.2d 655 (La.App. 4th Cir.1984), writ denied, 462 So.2d 650 (La.1985).
In Friedmann, we applied the collateral source rule and determined that plaintiff's claims for lost wages should not be offset by the amount of unemployment compensation received by the plaintiff. The plaintiff lost her job three months after the accident since she could not satisfactorily perform her job duties as a result of the injuries sustained in the accident. In Weir, this court applied the collateral source rule to medical payments made by Medicare and held that plaintiff's award for medical expenses should include payments made by Medicare for the treatment of injuries plaintiff sustained in the accident.
The Louisiana Supreme Court considered the applicability of the collateral source rule between an uninsured motorist carrier and tortfeasor in Fertitta v. Allstate Insurance Company, 462 So.2d 159 (La.1985). In Fertitta, the court discussed whether a tort victim's judgment against a tortfeasor for the full amount of damages should be reduced by the amount of the victim's settlement with his uninsured motorist carrier, when the carrier has waived rights of reimbursement or subrogation. The court found that the plaintiff's uninsured motorist carrier and the tortfeasor were solidarily liable and declined to apply the collateral source rule. The court differentiated between uninsured motorist coverage and other types of first party coverage.
Louisiana law requires motorists to carry liability insurance, and the uninsured motorist law requires liability insurers to include uninsured motorist coverage (unless expressly rejected by the insured).
Because liability for the damages caused by the tortfeasor is imposed by law on the uninsured motorist carrier, that insurer is solidarily liable with the tortfeasor to repair those damages. In the case of medical *894 payments or collision coverage, because only the contract (and not the law) imposes the obligation on the insurer to repair some of the damages caused by the tortfeasor, there arguably is no solidary liability... Therefore, while the collateral source rule perhaps would apply to payments under medical payments or collision coverage (in the absence of a subrogation agreement), the rules does not apply to payments under uninsured motorist coverage.

Fertitta, p. 164, fn. 7.
The language of the court in Fertitta supports the defendant's contention that USAA and the plaintiff's workers' compensation carrier are solidarily liable as both are required by law to repair the damages caused by the accident. The workers' compensation carrier is required under the Workers' Compensation Act to reimburse the plaintiff for lost wages and medical expenses incurred as a result of the accident. Under the uninsured motorist statute, USAA stands in place of the uninsured motorist and is liable for all damages plaintiff sustained as a result of the accident.
In light of the language of the Supreme Court in Fertitta, Hoefly, and Williams, we find that the trial court erred when it applied the collateral source rule and denied defendant's motion in limine. Defendant is correct that USAA and plaintiff's workers compensation carrier are solidarily liable for the plaintiff's damages. Thus, as the Court noted in Williams, payment by one solidary obligor (in this case, plaintiff's workers' compensation carrier) exonerates the other obligor (USAA) as to the creditor (plaintiff). As the plaintiff has received full payment of his medical expenses, such evidence is not relevant and could be prejudicial to USAA.
Accordingly, for the above reasons, we grant defendant's writ application and reverse the ruling of the trial court. USAA's motion in limine is granted and plaintiff is prohibited from introducing evidence of medical expenses at trial. This ruling does not affect evidence of the medical treatment received by the plaintiff for the injuries sustained. Plaintiff is allowed to introduce all evidence concerning the medical treatment received.
WRIT GRANTED; JUDGMENT REVERSED.