611 So.2d 1383 (1993)
Sarah L. WILLIAMS, Individually and as Administratrix for the Succession of Joseph S. Williams, Sr., Cleastha Williams, Joseph S. Williams, Jr., Ira M. Williams, Gerald Williams, and Geraldine Williams,
v.
SEWERAGE & WATER BOARD OF NEW ORLEANS, Harold Gorman, G. Joseph Sullivan, M. Lambert, Henry Walters, Robert Muller, Wilfred Simmons, Paul Mumme, Sr., Ronald Hickerson, Larry Ellis, John Doe New Orleans Public Service, Inc., ABC Corporation and the XYZ Corporation.
No. 92-C-1688.
Supreme Court of Louisiana.
January 19, 1993.
*1384 Burton G. Klein, Klein & Klein, Jacques F. Bezou, DeRussy, Bezou & Matthews, Mack E. Barham, Robert E. Arceneaux, Kathy S. Austin, Barham & Arceneaux, New Orleans, for applicants.
Robert A. McMahon, Jr., Paul V. Cassisa, Jr., Paul V. Cassisa, Sr., Bernard, Cassisa, Saporito & Elliott, Metairie, for respondents.
SHORTESS, Justice Ad Hoc.[1]
This case presents the issue of whether an employer sued for recovery of worker's compensation is solidarily bound with a third party tort-feasor for the purpose of interrupting prescription. Because some elements of the damages recoverable from the employer and the tort-feasor are coextensive, we find that they are solidarily bound to that extent. Once prescription is interrupted based on this solidarity, the plaintiffs are free to assert whatever *1385 claims they have against the defendants. Thus, in this case, a suit timely filed against the employer for worker's compensation interrupted prescription as to the subsequent claim against the third party tort-feasor for damages.

FACTS
On September 2, 1986, Joseph S. Williams, Sr., an employee of the Sewerage & Water Board of New Orleans (S & WB), was assigned to serve as a member of a three-man team that was dispatched to remove a car from a drainage canal. A large crane manufactured by Little Giant Crane and Shovel Company (Little Giant) situated on top of a tractor trailer truck was to assist in the car's removal. After the crane lifted the car from the drainage canal, neighbors asked that the car be moved to a different location. As the crane lifted the car again, Williams and the other man saw that the boom of the crane was close to an overhead power line. The men attempted to signal the crane operator without success. Williams moved toward the crane and was apparently touching it when the crane came into contact with the overhead power line. Williams was electrocuted and killed.
The decedent's surviving widow and five major children filed suit on August 31, 1987 against S & WB and its executive officers seeking worker's compensation death benefits and tort damages. Also named defendants under tort theories of recovery were New Orleans Public Service, Inc. (NOPSI), the owner of the power line, and "ABC Corporation," the manufacturer of the crane. By third amended and supplemental petition filed August 26, 1988, the plaintiffs amended their petition to name Little Giant as the manufacturer of the crane.[2] Little Giant answered the petition and raised the affirmative defense of prescription, alleging that the Williamses' claims were prescribed by the liberative prescription of one year.
Prior to trial, the tort claims against NOPSI and S & WB were dismissed. The tort claim against NOPSI was dismissed by joint motion on October 11, 1989.[3] The tort claim against S & WB was dismissed by summary judgment rendered April 29, 1991, which recognized the employer's immunity from tort damages under worker's compensation law.[4]
The case proceeded to trial against Little Giant. During trial, Little Giant filed a peremptory exception of prescription. The trial judge heard argument on the exception outside the presence of the jury and denied it with oral reasons. Written reasons were later assigned which stated that the trial judge considered prescription interrupted as to the tort-feasor when the suit for worker's compensation was brought against the solidarily bound employer.
After the close of testimony, the jury answered special interrogatories, finding: the crane manufactured by Little Giant was defective, the defective condition of the crane was a legal cause of the injury to Williams, he did not contribute to his own injury, Little Giant was 55% at fault, Williams was 0% at fault, and S & WB was *1386 45% at fault.[5] The jury awarded damages of $200,000 to Williams' widow and $35,000 to each of his five major children, for a total of $375,000. Judgment consistent with the jury verdict was signed, awarding the Williamses $375,000 and denying Little Giant's exception of prescription.
Both parties appealed. Little Giant suspensively appealed, arguing the trial judge erred in denying its exception of prescription and the jury erred in its finding of fault and apportionment of fault. The Williamses took a devolutive appeal as to the issue of quantum, arguing that the award of $200,000 to Williams' widow and $35,000 to each of Williams' children was so low as to constitute an abuse of discretion.
The Fourth Circuit Court of Appeal pretermitted consideration of the Williamses' appeal on the quantum issue and Little Giant's appeal on the merits by reversing the trial court's judgment on Little Giant's exception of prescription.[6] The court of appeal held that S & WB's responsibility for worker's compensation and Little Giant's responsibility for tort damages were not solidary obligations. Thus, timely suit against S & WB did not interrupt prescription against Little Giant. The judgment in favor of the Williamses was reversed. A timely request for rehearing was denied; this court granted a writ to consider the issue.[7]

LAW
Delictual actions, such as the Williamses' claim against Little Giant, are subject to a liberative prescriptive period of one year which begins to run from the day injury or damage is sustained. La.C.C. art. 3492. Prescription is interrupted by the filing of suit in a court of competent jurisdiction. La.C.C. art. 3462. The interruption of prescription against one solidary obligor is effective against all solidary obligors. La.C.C. arts. 1799 and 3503. When it is clear on the face of a plaintiff's petition that prescription has run, the plaintiff bears the burden of showing why the claim has not prescribed. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992).
Relying on this court's opinions in Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192 (La.1983), and Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983), the trial judge found that prescription was interrupted as to Little Giant once the Williamses filed suit against the S & WB seeking worker's compensation.
In Louviere, this court held the timely filing of suit by the employer's compensation insurer against a tort-feasor seeking recovery of compensation benefits paid to an injured employee interrupted prescription in favor of the employee during the pendency of the insurer's suit, allowing the employee to file an action for damages against the tort-feasor even after the one year prescriptive period had run. The court reached this conclusion after finding that, as between the compensation insurer and the employee, there was one principal cause of action. Louviere, 440 So.2d at 95.
In Narcise, this court held that a railroad company liable to its employee under the Federal Employer's Liability Act (FELA) was solidarily liable with a third party tort-feasor. In explaining the nature of the solidary obligation, the court noted that the employer, under FELA, and the tort-feasor, under Louisiana tort law, were coextensively liable for certain damages sustained by the employee. It was this "coextensive" liability for the same thing which created the solidarity of the obligation. Narcise, 427 So.2d at 1194.
*1387 In this case, the court of appeal reviewed the codal articles and determined there was no solidarity between S & WB, the employer, and Little Giant, the tort-feasor. The appellate court found the Narcise opinion consistent with its interpretation of solidarity. The court of appeal erred, however, in construing too narrowly both our holding in Narcise, and the basic principles of solidarity.
In Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982), this court held that an uninsured motorist carrier was solidarily liable with a third party tort-feasor so suit against one would interrupt prescription against the other. Hoefly defined a solidary obligation as one where the obligors "are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor." Id., 418 So.2d at 576. Under the Hoefly analysis, and its subsequent interpretation in Narcise and Parker v. Southern American Insurance Co., 590 So.2d 55 (La.1991), the obligations of the S & WB and Little Giant are solidary to the extent they share coextensive liability to repair certain elements of the same damage. Once prescription was interrupted based on this solidarity, the Williamses were free to assert whatever claims they had against the crane manufacturer.
The worker's compensation scheme is a statutory compromise instituted by the legislature to protect workers injured while on the job. The compromise is achieved because both employers and employees relinquish an advantage to benefit the scheme. "The employer gives up the immunity he otherwise would enjoy in cases where he is not at fault, and the employee surrenders his former right to full damages and accepts instead a more modest claim for bare essentials, represented by compensation." Malone & Johnson, 13 Louisiana Civil Law TreatiseWorker's Compensation, § 32 at 40 (1980). Thus, the worker's compensation scheme embraces aspects of employer fault and nonfault. "A suit for compensation benefits does not exclude the concept of fault; it merely gives the employer a shield against tort liability." Parker, 590 So.2d at 56. But for the worker's compensation compromise, an injured employee could sue an employer to recover tort damages based on the employer's fault.
The first requisite of solidarity described in Hoefly is met here, as each defendant is "obliged to the same thing." Hoefly, 418 So.2d at 576. In a worker's compensation claim where the employee does not suffer a fatal injury, some elements of compensation damages are the same as those which may be recovered as tort damages, i.e. lost wages and medical expenses. See LSA-R.S. 23:1202 and 1203. Since Williams died of his accident-related injuries, S & WB is obligated to pay certain death benefits under worker's compensation law to his beneficiaries. See LSA-R.S. 23:1231-1255. The worker's compensation death benefit provisions are designed to compensate the deceased employee's dependents for the same damage that a tort-feasor would be compelled to pay under the wrongful death and survival action provisions of Louisiana Civil Code articles 2315.1 and 2315.2. This relationship has been explained as follows:
The death of an injured worker operates to abate his claim for any further compensation, but payments accrued and payable prior to his demise are due to his estate. This may appear superficially to differ from the provisions of Article 2315 of the Civil Code respecting the survival of claims in tort. However, in fact, the approach is the same in tort and in compensation.

* * * * * *
This action for wrongful death is designed to compensate the surviving dependent members of the family for their own personal losseconomic and emotionalsuffered because of the death. This tort action for wrongful death has its counterpart in Section 1231 and following of the Compensation Act, which *1388 recognize the claims of certain listed relatives of the deceased and of other members of his family, under designated conditions.
Malone & Johnson, 14 Louisiana Civil Law TreatiseWorker's Compensation, § 301 at 1-2 (1980) (footnotes omitted and emphasis supplied).
The court of appeal's error was its focus that solidary obligors must be liable for the same performance based on the same cause of action. It stated "[t]he tortfeasor is not responsible to the injured employee for worker's compensation and the employer is not responsible for his employee's tort (Article 2315) damages." Williams, 597 So.2d at 591.
The court of appeal's approach was rejected in Hoefly, in which this court found solidary liability where one obligor was bound in tort and the other was bound in contract. The Hoefly court showed that the sources of the obligors' debts are irrelevant so long as they are both obligated to the same thing, that is, to repair the same damage. "The obligation may be in solido even though the obligations of the obligors arise from separate acts or by different reasons." Hoefly, 418 So.2d at 579; La. C.C. art. 1797.
Narcise pointed out that differing sources of liability "[do] not preclude an in solido obligation to the extent that each is liable for certain damages sustained by plaintiff." Narcise, 427 So.2d at 1195 (emphasis supplied). Narcise echoed Hoefly when it stated "[i]t is the coextensiveness of the obligations for the same debt, and not the source of liability, that determines the solidarity of the obligation." Id.
Thus, to the extent that the worker's compensation death benefits and the wrongful death and survival provisions overlap, S & WB and Little Giant are obligated to the same thing even though the obligations arise from different sources.
The second requisite of solidarity is met as well. An obligation is solidary for the obligors when each obligor is liable for the whole performance. See La.C.C. art. 1794. Hoefly teaches that the obligor's liability for the "whole" "means simply that the debtor who has been sued cannot plead the benefit of division, which was invented for the benefit of sureties whereby the creditor is required to divide his action between them." Hoefly, 418 So.2d at 578. Obligations may be solidary even though the debtors are bound differently from each other, and even if their obligations are subject to different terms and conditions. La. C.C. arts. 1797, 1798.
In Hoefly, the uninsured motorist carrier was liable only to the extent of its policy limits and only under the conditions and terms of the policy. Nonetheless, the court held that the obligations between the uninsured motorist carrier and the tort-feasor were solidary to the extent that each was liable for the same damage. Similarly, the employer and tort-feasor here share a common liability which is not subject to a plea of division. The employer's liability is subject to the limitations of worker's compensation law. Yet, both the employer and tort-feasor are solidarily liable up to that limit, just as the uninsured motorist carrier and tort-feasor were solidarily liable up to the carrier's policy limits.
The final requisite of solidarity is also met. Payment made by one solidary obligor exonerates the other obligor as to the creditor. La.C.C. art. 1794. The injured employee is not allowed to obtain double recovery on those elements of damages which are coextensive. The employer's right to be reimbursed for the worker's compensation paid by it out of any tort damages the injured employee ultimately obtains exists to prevent a double recovery. LSA-R.S. 23:1101(B). That the tort-feasor is not able to be reimbursed from the employer is of no consequence to the determination of solidarity. Solidarity looks only to the exoneration of the debt as to the creditor, and the fact that the obligors may not have corresponding rights of contribution or indemnity as between each other does not destroy solidarity. "[D]ebtors, although *1389 solidarily bound for the creditor's benefit, may have differing relationships among themselves. The conclusion that debtors are solidarily bound does not alone determine the rights and obligations of the debtors in relation to each other." Hoefly, 418 So.2d at 580.
In Hoefly, the court noted the uninsured motorist carrier is entitled to subrogation rights to recover what it has paid to the insured from the tort-feasor. The tort-feasor, however, does not have corresponding rights against the insurer. This was not found to defeat solidarity in that case. Similarly, the worker's compensation insurer may recover from the tort-feasor what it has paid in compensation benefits even though the tort-feasor does not have corresponding rights of recovery.
The conclusion that the employer and the tort-feasor in this case are solidarily liable is further strengthened by this court's holding in Parker, where the plaintiff filed suit against her husband's employer, seeking compensation damages for his death. This suit was dismissed on an exception of no cause of action. Subsequently, the plaintiff filed a second suit against the employer's liability insurer seeking damages in tort. This court found that the first suit interrupted prescription on the second suit.
The court found that both the compensation suit and the tort suit were based on the occurrence of the employee's death and the monetary liability of the employer. The court held that the liability of the liability insurer derived from the employer, who was the defendant in the worker's compensation case. Thus, the compensation suit, wherein the employer and its compensation insurer were named defendants, was found to interrupt prescription for the tort suit, wherein the employer and its liability insurer were named defendants. Parker, 590 So.2d at 56.
That the insurer was the same for both compensation and liability, and thus had notice of the second suit prior to its filing, does not change the court's essential holding. There is no reason to assume that an employer sued for recovery of worker's compensation benefits would notify its liability insurer of the suit if its liability insurer was different from its compensation insurer.
Little Giant argues that Parker is inapplicable here because the liability insurer had notice of the claim. Little Giant's arguments that it was not afforded notice of the suit are unavailing. Because S & WB and Little Giant are solidarily liable to the extent that they share coextensive liability to repair certain elements of the same damage, the timely suit by the Williamses against S & WB interrupted prescription as to their claims against Little Giant. "Interruption of prescription for solidary obligors is rationally related to the state's interest in providing full compensation to tort victims and holding defendants responsible for their delicts." Picone v. Lyons, 601 So.2d 1375, 1377 (La.1992) (where defendants alleged to be solidary were added twelve years after filing of original petition).
The cases relied upon by Little Giant perpetuate the idea, rejected in Hoefly, that parties cannot be solidarily liable unless their liability is based on the same cause of action, i.e. that obligations arising from tort and contract, or tort and worker's compensation, cannot be solidary. See Maryland v. Fabco Inc., 438 So.2d 1152, 1155 (La.App. 1st Cir.1983) (right to compensation benefits exists independently of right to assert tort damages; thus, release of employer and worker's compensation insurer through compromise would not affect defendant third party tort-feasor unless employer was also liable for intentional acts which would result in tort liability); Cripe v. Haynes, 350 So.2d 956, 960-61 (La.App. 2d Cir.1977) (employer and worker's compensation insurer dismissed on summary judgment were not liable in solido with executive officers because they had no liability to repair damages caused by their negligence since the worker's compensation *1390 act creates a "entirely different, distinct, and separate cause of action"); Stelly v. Patterson Services, Inc., 539 So.2d 787, 788 (La.App. 3d Cir.1989) (an employer liable under worker's compensation is not solidarily liable with a third party tort-feasor; thus, suit filed timely against a tort-feasor does not interrupt a subsequent untimely suit filed against the employer and worker's compensation insurer); Thibodeaux v. Union Tank Car Co., 547 So.2d 763, 764 (La.App. 4th Cir.1989) (exception of improper venue should have been maintained for third party defendant where there was improper venue of every defendant (third party tort-feasor) in the main demand, except the employer, who was not a solidary obligor); Crockett v. Avondale Shipyards Inc., 538 So.2d 1133, 1135 (La. App. 5th Cir.1989), writ denied, 541 So.2d 876 (La.1989) (a timely tort suit against the employer did not interrupt prescription in suit against the tort-feasor based on the fact the worker's compensation law gives an injured employee the right to recover compensation without fault; thus, since the employer's obligation is not based in fault, and the tort-feasor's obligation is based on fault, there can be no solidary obligation). To the extent that these opinions conflict with our holding in this case, they are overruled.
In oral argument, Little Giant asserted that if the worker's compensation suit interrupted prescription on the tort claim filed against it, only Williams' widow was entitled to the benefit of the interruption since Williams' major children were not entitled to worker's compensation death benefits. Although it is unclear whether Williams' children are entitled to compensation death benefits,[8] both Williams' children and his widow share the same wrongful death cause of action against Little Giant. "When several parties share a single cause of action ..., suit by one interrupts prescription as to all." Louviere, 440 So.2d at 96. "[A]ll prescriptions affecting that cause of action are interrupted by the suit and remain continuously interrupted as long as the suit is pending." Id., 440 So.2d at 98.[9] Thus, Williams' major children are also entitled to the benefit of interruption of prescription on their claims against Little Giant.
Based on the foregoing, we hold a suit timely filed against the employer for worker's compensation interrupted prescription as to the subsequent claim against the third party tort-feasor for damages. We reverse the court of appeal judgment which held to the contrary. Based on its erroneous conclusion as to the prescription issue, the court of appeal pretermitted consideration of the other issues raised on appeal, the quantum issue raised by plaintiffs and the liability issue raised by Little Giant. "When a court of appeal has not had the opportunity, or has found it unnecessary to review the merits of the controversy, this court's usual practice, when it becomes necessary to set aside an appeals court's reversal of a trial court judgment, is to remand the case to the court of appeal, even though this court is empowered to dispose of the case finally on writ review." Lirette v. State Farm Insurance Co., 563 So.2d 850, 855 (La.1990); Logan v. Louisiana Dock Co., Inc., 541 So.2d 182, 193 (La.1989), cert. dismissed, 492 U.S. 939, 110 S.Ct. 30, 106 L.Ed.2d 639 (1989); see also Housley v. Cerise, 579 So.2d 973, *1391 981 (La.1991). Thus, this case is remanded to the court of appeal for consideration of those issues pretermitted due to its disposition on the sole issue of prescription.
REVERSED AND REMANDED TO THE COURT OF APPEAL.
NOTES
[1] Judge Melvin A. Shortess, of the First Circuit Court of Appeal, sitting in place of Cole, J.
[2] Although the plaintiffs filed this amended petition May 6, 1988, they did not obtain leave of court to file the pleading until August 26, 1988. La.C.C.P. arts. 1151 and 1155.
[3] The parties stipulated at trial before the jury that NOPSI was not at fault in this matter.
[4] Although the S & WB executive officers were named defendants, service of process of these defendants was withheld at the plaintiffs' request. These defendants were not served and did not answer the petition, yet they were allowed to join in S & WB's motion for summary judgment. Such joinder constitutes a general appearance by these parties which subjects them to the jurisdiction of the court and impliedly waives all objections to the exercise of the court's jurisdiction. Although the judgment on the motion for summary judgment did not list the executive officers, it should have since they had joined in the motion with S & WB. Socorro v. City of New Orleans, 579 So.2d 931, 945-46 (La.1991); La.C.C.P. art. 7.
[5] We held in Guidry v. Frank Guidry Oil Co., 579 So.2d 947 (La.1991), a case which arose prior to the 1987 amendment to La.C.C. art. 2324, that a statutorily immune employer's negligence should not be considered or quantified in a suit by the employer against a third-party tort-feasor.
[6] 597 So.2d 588 (La.App. 4th Cir.1992).
[7] 604 So.2d 1298 (La.1992).
[8] Under worker's compensation law, "proof of dependency is essential to recovery." Malone & Johnson, 14 Louisiana Civil Law Treatise Worker's Compensation, § 302 at 6 (1980).
[9] The reasoning in Louviere was supported by reference to LSA-R.S. 9:5801, which at the time provided "[a]ll prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants ... by the commencement of a civil action in a court of competent jurisdiction and in the proper venue." Id., 440 So.2d at 96. LSA-R.S. 9:5801 was repealed in 1982, but the substance of the statute was included in La.C.C. art. 3462, enacted by Act 187 of 1982. Id., 440 So.2d at 96 n. 5. The Revision Comments to that codal article state that there was no change in the law and "Louisiana decisions interpreting the source provisions (LSA-R.S. 9:5801 and Article 3518 of the Louisiana Civil Code of 1870) continue to be relevant."