|2SHORTESS, Judge.
This suit arises from an automobile accident which occurred in March 1990 when a vehicle owned by Gregory W. Baldwin and driven by Jerry W. Boudinot, Jr., collided with a vehicle driven by Richard A. Rizer (plaintiff). In July 1990 plaintiff and his passenger, Cherice R. Baldwin, filed suit against Boudinot’s liability insurer, American Surety & Fidelity Insurance Company (American). American was subsequently ordered into liquidation, and all proceedings were stayed in June 1992.
On August 10, 1992, plaintiff and Baldwin amended their petition to name the Louisiana Insurance Guaranty Association (LIGA) and State Farm Mutual Automobile Insurance Company, Baldwin’s liability insurer, as defendants. On October 27, 1992, more than *750 two years after the accident, they amended the petition to add Boudinot as a defendant.
On January 7, 1993, plaintiff filed a “Second Supplemental and Amending Petition” adding United Services Automotive Association (USAA), his uninsured motorist insurer. The trial court signed an order permitting the amendment on January 12, 1993. USAA then filed an exception of prescription, which was sustained by the trial court. Plaintiff appeals.
 Actions against uninsured motorist insurers prescribe two years from the date of the accident absent interruption of the prescriptive period. LSA-R.S. 9:5629. Plaintiffs claim against USAA was filed more than two years after the accident and is prescribed on its face. Plaintiff thus has the burden of proving an interruption of prescription. Younger v. Marshall Indus., 618 So.2d 866, 869 (La.1993).
Interruption of prescription against one solidary obligor is effective against all solidary obligors. La.C.C. arts. 1799 & 3503. Plaintiff contends that American and USAA are solidary obligors and thus his timely suit against American, the tort-feasor’s liability insurer, interrupted prescription 13as to USAA. USAA contends, however, and the trial court found that because the uninsured motorist carrier and the liability carrier “do not owe the same thing,” their obligations are not solidary.
Obligations may be solidary even though the debtors are bound differently from each other, and even if them obligations are subject to different terms and conditions. Williams v. Sewerage & Water Bd., 611 So.2d 1383, 1388 (La.1993); La.C.C. arts. 1797 & 1978. It is the coextensiveness of the obligations for the same debt, and not the source of liability, which determines the solidarity of the obligation. Younger, 618 So.2d at 868 n. 4; Williams, 611 So.2d at 1388.
In Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982), the supreme court held that an uninsured motorist carrier was solidarily liable with a third-party tort-feasor so that suit against one would interrupt prescription against the other. The court cited former Civil Code article 2091[1] in defining a solidary obligation: “There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.”
The supreme court held in Hoefly, and later expounded in Narcise v. Illinois Cent. Gulf Ry. Co., 427 So.2d 1192 (La.1983), Parker v. Southern Am. Ins. Co., 590 So.2d 55 (La.1991), Williams, and Younger, that the sources of the obligors’ debts are irrelevant so long as they are both obliged to the same thing, that is, to repair the same damage. In Williams, the court held that the worker’s compensation carrier and the third-party tort-feasor were solidary obligors because they shared “coextensive liability to repair certain ^elements of the same damage,” i.e., lost wages, medical expenses, and certain death benefits. 611 So.2d at 1387.
In this case, American, the tort-feasor’s liability carrier, and USAA, the uninsured motorist carrier, are both obliged to compensate plaintiff for the same damage, i.e., his personal injuries resulting from the March 1990 accident. That they are contractually liable for different dollar portions of the same damage, i.e., the uninsured motorist insurer is liable to plaintiff only for the amount of his damages above the liability insurer’s policy limits, is irrelevant in determining whether they are solidary obligors. Clearly, American and USAA are solidary obligors, so plaintiffs suit against American interrupted prescription against USAA.
For these reasons, the trial court committed legal error in sustaining the exception of prescription; that judgment is hereby reversed, and this case is remanded to the trial court for further proceedings. All costs of this appeal are assessed to USAA.
REVERSED AND REMANDED.
FITZSIMMONS and LeBLANC, JJ., dissent and assign reasons.

. Louisiana Civil Code article 2091 was amended and reenacted by Acts 1984, No. 331, and is now contained in Civil Code article 1794. The amendment did not change the law.