VICTORY, J.,
dissenting.
|,I dissent from the majority’s holding that the timely filing of a tort suit against a party that is later dismissed as the plain *773 tiffs statutory employer interrupts prescription against an alleged third party tortfeasor. It is well-established that a suit that is timely filed against a defendant who is not liable does not interrupt prescription against other defendants who were sued too late. Vicknair v. Hibernia Building Corp., 479 So.2d 904 (La.1985). Here, the party that was timely sued is not liable in tort because it was the plaintiffs statutory employer; thus, the timely filed suit against it does not interrupt prescription as to the defendant who was sued too late.
Further, I strongly disagree that the holding of Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La. 1993) applies to interrupt prescription as to the late-filed defendant. In Williams, the plaintiff timely filed a workers compensation suit, and the Court held this interrupted prescription as to a subsequent claim against a third party for tort damages. First, Williams is distinguishable because here there was no timely filed workers’ compensation case against the employer, there was only a tort suit which was dismissed. Secondly, I disagree with the holding of Williams because it was based on faulty reasoning. The Court in Williams relied on Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982) to hold that the workers’ compensation lawsuit interrupted suit on the tort claim because the defendants were solidarity liable. However, Hoefly actually held that solidarity exists where (1) each defendant is obligated to the same thing; (2) each obligor is liable for the whole performance; and (3) payment by one soli-dary obligor exonerates the other obligor as to the creditor. It is beyond cavil that payment of workers’ compensation benefits by the employer would not exonerate the tortfeasor as to the payment of tort damages to the plaintiff.
Finally, in my view Williams is not viable anymore because workers’ compensation claims are no longer filed in the district court, but are instead administrative proceedings filed at an Office of Workers’ Compensation. These proceedings are not a matter of public record and notice of the claim is not given to anyone except the defendant employer. Thus, the third party tortfeasor would have no notice of the timely filed workers’ compensation claim.
For the above reasons, I respectfully dissent.
GUIDRY, Justice dissents with reasons.
Lin my view, Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383 (La.1993) is not controlling. In Williams, the plaintiff filed both tort and worker’s compensation claims against the timely sued defendant. Following the addition of other solidarily liable defendants after the one year prescriptive period had run, and the dismissal of the original tort claims, the worker’s compensation claim against at least one of the original defendants continued. In this case, after PAR Minerals was dismissed from the tort suit, the plaintiff did not file a worker’s compensation claim. Suit against the timely sued defendant did not continue and, consequently, the interruption of prescription is considered never to have occurred. La. C.C. art. 3463. Accordingly, I would affirm the court of appeal decision.