# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-785


MARVIN W. BUXTON

VERSUS

WILLIAM CORBELLO, ET AL.


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-4599
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

Carol S. Hunter
Assistant Attorney General
556 Jefferson Street, Fourth Floor
Lafayette, Louisiana 70501
(337) 262-1700
Counsel for Defendants/Appellees:
    State of Louisiana, Through Department of Transportation and Development
    State of Louisiana, Department of Public Safety & Corrections

**J. Bryan Jones, III**
**Attorney at Law**
**Post Office Box 4540**
**Lake Charles, Louisiana  70606**
**(337) 433-5588**
**Counsel for Plaintiff/Appellant:**
        **Marvin W. Buxton**

**Francis M. Walker, Jr.**
**Plauché, Smith, & Nieset**
**Post Office Box 1705**
**Lake Charles, Louisiana  70602**
**(337) 436-0522**
**Counsel for Defendant/Appellee:**
        **William Corbello**

**Kenneth R. Spears**
**M. Todd Barnett**
**Spears & Gary, LLC**
**One Lakeshore Drive, Suite 900**
**Lake Charles, Louisiana  70629**
**(337) 513-4333**
**Counsel for Defendant/Appellee:**
        **Tony Mancuso, Sheriff of Calcasieu Parish**

**Stephen C. Dwight**
**Dwight Law Firm**
**1400 Ryan Street**
**Lake Charles, Louisiana  70601**
**(337) 439-3138**
**Counsel for Defendant/Appellee:**
        **Tony Mancuso, Sheriff of Calcasieu Parish**

**Christopher R. Philipp**
**Attorney at Law**
**Post Office Box 2369**
**Lafayette, Louisiana  70502**
**(337) 235-9478**
**Counsel for Intervenor/Appellee:**
        **Town of Iowa**

**KEATY, Judge.**

Plaintiff, Marvin Buxton, appeals a judgment granting an exception of prescription filed by the State of Louisiana, Department of Transportation and Development (DOTD), and dismissing his claims against it with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

Buxton was injured on the evening of February 25, 2007, when the car he was driving on Louisiana Highway 3086 in Calcasieu Parish struck a cow. The accident aggravated prior injuries to his neck and back that he had suffered in a May 2004 on-the-job accident while working for the Iowa Police Department (Police Department), when his stopped police cruiser was struck by a motorcyclist who was resisting arrest. Buxton claimed that he hit his head on the door of his cruiser as he was exiting it just before impact. Buxton resigned from the Police Department in June of 2004.[2] He filed a disputed claim for workers' compensation benefits against the City of Iowa (Iowa) in July of 2004.

After the cow accident, Buxton filed a rule to show cause in the workers' compensation case, seeking to have Iowa authorize and pay for an evaluation by Dr. Clark Gunderson, the orthopedist who treated him after the 2004 accident. The Workers' Compensation Judge (WCJ) signed a judgment granting the motion on September 24, 2007. After evaluating Buxton on September 27, 2007, Dr. Gunderson opined that Buxton's neck complaints were solely caused by the

---

[1] Counsel for the DOTD introduced a timeline at the October 6, 2010 hearing on its exception of prescription. After counsel for Buxton voiced no objection, the timeline was admitted as Exhibit D-1. Some of the dates referenced in this opinion were gleaned from that timeline.

[2] Buxton resigned on the advice of his defense counsel amidst an investigation by the Iowa Police Department that he had committed malfeasance in office, obstruction of justice, and possession of marijuana. He later pled no contest to the malfeasance charge. *See Buxton v. Iowa Police Dep't*, 09-520 (La. 10/20/09), 23 So.3d 275.

2007 cow accident and that his back complaints were aggravated by the cow accident. Iowa did not appeal the September 24, 2007 judgment and paid Dr. Gunderson's bill by check dated November 13, 2007. On May 9, 2008, the WCJ awarded Buxton compensation benefits, including treatment by Dr. Gunderson for the back injury aggravated by the cow accident. Iowa appealed but did not raise the issue of Dr. Gunderson's evaluation. We affirmed the decision of the WCJ. *Buxton v. Iowa Police Dep't*, 08-980 (La.App. 3 Cir. 2/4/09), 3 So.3d 641. Iowa took writs to the Louisiana Supreme Court, which were granted. The supreme court reversed and rendered judgment in favor of Iowa on the basis that because Buxton did not prove that his 2004 on-the-job injury predisposed him to the injuries sustained in the non-work-related 2007 cow accident, Iowa did not owe him benefits for the injuries he suffered in the cow accident. *Buxton v. Iowa Police Dep't*, 09-520 (La. 10/20/09), 23 So.3d 275.

Buxton filed this suit for damages against the cow's owner, William Corbello, and the State of Louisiana, Department of Public Safety and Corrections (DPSC), on August 27, 2007.[3] He filed a supplemental and amending petition on February 26, 2008, naming as an additional defendant the Calcasieu Parish Sheriff Tony Mancuso (Sheriff Mancuso) based on his office's alleged mishandling of the accident investigation. The Town of Iowa filed a petition of intervention into the suit on May 20, 2008, requesting that judgment be rendered in its favor against Buxton and the defendants for the amounts it paid or will have to pay Buxton in workers' compensation indemnity and medical benefits. On November 24, 2008, Buxton filed a second supplemental and amending petition seeking to name the State of Louisiana, Department of Transportation and Development (the DOTD),

---

[3] Although Buxton originally named the State of Louisiana, Office of State Police, as a defendant, an answer was filed by the State of Louisiana, Department of Public Safety and Corrections, stating that it had been erroneously referred to in the petition.

2

as a defendant, asserting that it was liable for his injuries for failing to put up signs warning that the area where the cow accident occurred was an open range.[4]

The three original defendants each filed a motion for summary judgment in July of 2008. In his motion, Corbello denied that he owned the cow that Buxton struck. Relying on *Harrington v. Upchurch*, 331 So.2d 506 (La.App. 3 Cir.), *writ denied*, 337 So.2d 222 (La.1976), he argued that because the accident occurred in an "open range" area where no local ordinance existed to prohibit a livestock owner from allowing his animals to roam freely, he had no duty to keep his livestock enclosed and would not be liable to a motorist who struck any livestock owned by him in such an area. The DPSC argued in its motion for summary judgment that because the accident occurred in an "open range" area, it had no duty to preserve evidence of the cow since the cow's owner would not be liable to Buxton. The DPSC submitted that because it completed an accident report, it fulfilled the only duty that it statutorily owed to Buxton with regard to the accident. Sheriff Mancuso's motion for summary judgment adopted the memorandum filed by the DPSC. Following a November 26, 2008 hearing, all three motions for summary judgment were granted, and Buxton's claims against the three original defendants were dismissed with prejudice. Judgment in favor of the DPSC was signed on November 26, 2008; judgment in favor of Corbello was signed on December 5, 2008; and judgment in favor of Sheriff Mancuso was signed on December 9, 2008.[5] Buxton did not appeal any of those judgments. Iowa filed a

---

[4] The order allowing the second supplemental petition to be filed was not signed by the trial court until March 2, 2009. We are unable to ascertain from the record the reason for the delay of the signing of the order.

[5] A separate judgment was signed on December 9, 2008, granting an exception of no cause of action filed by Sheriff Mancuso.

motion to dismiss its intervention with prejudice on February 10, 2010; the trial court signed an order granting the dismissal as prayed for on February 22, 2010.

The DOTD filed a peremptory exception of prescription on May 27, 2010, arguing that Buxton's suit against it was prescribed because it was filed more than one year after the February 25, 2007 accident and because no other possible solidary obligor that was timely sued remained a viable defendant. A hearing was held on the exception on October 6, 2010, following which the trial court took the matter under advisement. For reasons orally assigned on January 26, 2011, the trial court granted the DOTD's exception and dismissed plaintiff's claims against it with prejudice. It reasoned that because the three defendants that were timely sued were dismissed on summary judgment, suit against them did not interrupt prescription against the DOTD. The trial court also found that the WCJ judgment ordering Iowa to pay Dr. Gunderson did not interrupt prescription because once Iowa paid the bill on November 13, 2007,[6] its obligation was distinguished. Moreover, since suit was not filed against the DOTD until November 24, 2008, more than one year later, Buxton's claim against the DOTD had prescribed.

Plaintiff now appeals, asserting in his sole assignment of error that the trial court erred in holding that the suit against the DOTD was prescribed when on November 24, 2007, the rule to show cause that was granted by the workers' compensation court ordering Iowa to pay for an evaluation of Dr. Gunderson was still pending because the time to appeal that judgment had not yet run.

## DISCUSSION

Delictual actions are subject to a one-year prescriptive period that commences to run from the day the injury is sustained. La.Civ.Code art. 3492.

---

[6] The trial court mistakenly stated in its oral reasons that Iowa paid Dr. Gunderson's bill on November 11, 2007.

4

"Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." La.Civ.Code art. 2324(C). Further, "interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue . . . continues as long as the suit is pending." La.Civ.Code art. 3463. "Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed." *Campo v. Correa*, 01-2707, p. 7 (La. 6/21/02), 828 So.2d 502, 508 (citations omitted).

"[I]n a case in which there are no contested issues of fact and the only issue is the application of the law to the undisputed facts . . . the appellate court must decide whether the lower court's decision is legally correct or incorrect." *Beach v. Peter Scalfano Enters.*, 06-1139, p. 4 (La.App. 3 Cir. 2/7/07), 949 So.2d 653, 656, *writ denied,* 07-408 (La. 4/5/07), 954 So.2d 144. In the case before us, there is no dispute as to the facts or the dates at issue.

Citing *Williams v. Sewerage & Water Board of New Orleans*, 611 So.2d 1383, (La.1993), Buxton contends that his suit against Iowa for workers' compensation benefits interrupted prescription against the DOTD. He then cites *Hebert v. Doctors Memorial Hospital*, 486 So.2d 717 (La.1986), in support of his argument that the workers' compensation suit was "pending" until it was final and no longer subject to judicial scrutiny. Applying those cases to this matter, Buxton submits that the interruption lasted until December 2, 2007, the date the judgment by the WCJ ordering Iowa to authorize and pay for him to be treated by Dr. Gunderson became final.[7] Accordingly, he argues that the trial court erred in

---

[7] The judgment was signed on September 24, 2007, and a notice of signing of judgment was mailed to all parties on September 27, 2007. Thus, the judgment became final on December 2, 2007, after the seven-day new trial delay and sixty-day devolutive appeal delay had run. *See* La.Code Civ.P. arts. 1974 and 2087.

5

finding that his November 24, 2008 suit against the DOTD was prescribed as it was filed within one year from December 2, 2007.

While the DOTD recognizes the jurisprudence cited by Buxton, it nonetheless contends that *Williams* and *Hebert*, alone, do not resolve the issue before us. First, it submits that the holding in *Williams* is subject to the caveat that "a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist." *Renfroe v. State ex rel. Dep't of Transp. and Dev.*, 01-1646, p. 4 (La. 2/26/02), 809 So.2d 947, 950. The DOTD also points out that the *Hebert* court specifically noted that:

> For purposes of this opinion and our ruling on the merit of the exception of prescription which was maintained below, we *assume* that the Doctor's Memorial Hospital and Dr. Morgan are both negligent and thus solidary obligors. Needless to say, the negligence of each remains to be proved in the district court. Should plaintiff fail to prove negligence on the part of the hospital, a peremptory exception of prescription, which can be filed at any time (La.Code Civ.Pro. art. 928B), should be maintained.

*Hebert*, 486 So.2d at 725 n.13.

Based on the foregoing, the DOTD argues that once the three defendants originally sued in this action were dismissed, Iowa was the only other party with whom it could be jointly liable. When Iowa later dismissed its intervention on February 22, 2010, following the supreme court's holding that it did not owe compensation benefits to Buxton, no other party remained with whom the DOTD could be found jointly liable. The DOTD points out that the determinative factor in deciding whether the trial court was correct in concluding that Buxton's suit against it had prescribed was not whether suit against Iowa was pending when the DOTD was added as a defendant, but instead whether a timely-sued defendant is

6

ultimately found liable. Thus, the DOTD submits that *Renfroe* is dispositive and that the trial court was correct in concluding that Buxton's claims against it were prescribed.[8]

After applying the law and jurisprudence to the facts of this case, we conclude that the trial court correctly determined that Buxton's claims against the DOTD were prescribed. When the DOTD filed its exception of prescription, the supreme court had determined that Iowa was not a liable defendant with regard to the injuries Buxton suffered in the cow accident and Iowa had dismissed its intervention. Thus, any interruption of prescription that may have occurred by virtue of Buxton's timely workers' compensation suit against Iowa no longer existed so as to prevent Buxton's untimely suit against the DOTD from being dismissed as prescribed.

## DECREE

For the foregoing reasons, we affirm the February 10, 2011 judgment granting the exception of prescription filed by the State of Louisiana, Department of Transportation and Development (DOTD), and dismissing Marvin Buxton's claims against it with prejudice. All costs of this appeal are assessed against Marvin Buxton.

**AFFIRMED.**

---

[8] The DOTD concedes in its brief to this court that "Buxton might have a viable argument per *Hebert*" that his suit against Iowa was still pending if it had filed its exception of prescription before Iowa dismissed its intervention. We do not reach this issue today.