IN RE: MEDICAL REVIEW PANEL FOR THE
CLAIM OF CHANDRA MARTS

NO. 23-CA-347

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 814-697, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

March 27, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

<u>**AFFIRMED**</u>
    **JGG**
    **SMC**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
CHANDRA MARTS
 Anthony P. Lewis

COUNSEL FOR DEFENDANT/APPELLEE,
DR. ABDUL KHAN
 Guice A. Giambrone, III
 A. Rebecca Wilmore

COUNSEL FOR DEFENDANT/APPELLEE,
OCEANS BEHAVIORAL HOSPITAL OF GREATER NEW ORLEANS, L.L.C.
 Keith C. Armstrong
 Joseph R. Dronet

**GRAVOIS, J.**

In this medical malpractice case, plaintiff, Chandra Marts, appeals the trial court's judgment which sustained the peremptory exceptions of prescription filed by defendants, Oceans Behavioral Hospital of Greater New Orleans, L.L.C. and Abdul Khan, M.D., and dismissed Ms. Marts' claims and medical review panel proceeding. On appeal, Ms. Marts argues that the trial court erred when it found that her request for a medical review panel was prescribed on its face and when it found that the "discovery" provisions found in La. R.S. 9:5628(A) did not apply in her case. For the reasons that follow, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

Ms. Marts was treated at Oceans Behavioral Hospital of Greater New Orleans in September and October 2019. While there, Dr. Abdul Khan ordered that she be administered certain medication. On September 29, 2019 and October 18, 2019, the medical staff administered the medication by placing Ms. Marts in a "therapeutic hold," in which the medical staff pinned her down on her bed and lay on top of her. She immediately complained of pain, and after her discharge from Oceans, Ms. Marts sought medical treatment. On November 14, 2019, Ms. Marts obtained an x-ray that showed healing rib fractures. She also had an MRI on March 6, 2020 that showed cervical radiculopathy and torn left and right rotator cuffs.

On September 23, 2020, Ms. Marts sued Oceans in the 24th Judicial District Court, case number 810-473, alleging that Oceans' use of excessive force while administering medication caused her immediate pain and resulted in a ruptured cervical disc and torn rotator cuffs. Ms. Marts later amended her petition to add Dr. Khan as a defendant. In her amended petition, Ms. Marts claimed that she was admitted to Oceans pursuant to a Physician Emergency Certificate with a diagnosis of schizophrenia. While there, Dr. Khan "ordered forced medication," and the

medical staff administered her medication by pinning her down. As a result, she sustained two fractured ribs, a ruptured cervical disc, and dislocation of her left and right rotator cuffs.

On November 27, 2020, Ms. Marts filed a request for a medical review panel with the Louisiana Division of Administration, alleging malpractice by Oceans and Dr. Khan. In her complaint, Ms. Marts stated that the dates of malpractice were September 29, 2019 and October 18, 2019, and the dates of discovery were November 14, 2019, February 7, 2020, and March 6, 2020.

In response, defendants filed exceptions of prematurity and no cause of action. Defendants argued that Ms. Marts' action was premature since she filed suit prior to bringing her claims before a medical review panel. The trial court granted the exceptions of prematurity and no cause of action on April 26, 2021, and all claims filed by Ms. Marts in case number 810-473 were dismissed without prejudice.

In February 2021, Dr. Khan filed a petition to institute discovery pursuant to La. R.S. 40:1231.1, *et. seq.*, in the current case, case number 814-697. Thereafter, defendants filed peremptory exceptions of prescription, arguing that Ms. Marts' medical review panel request was prescribed on its face. Defendants claimed that according to the request for a medical review panel, the medical malpractice occurred on September 29, 2019 and October 18, 2019 and Ms. Marts discovered the malpractice initially on November 14, 2019. Defendants argued that since the original petition for damages filed in suit number 810-473 was found to be premature and did not interrupt prescription, and Ms. Marts' request for a medical review panel was not filed with the Louisiana Division of Administration until November 27, 2020, over a year after both the alleged medical malpractice events occurred and after it was first discovered, the matter was prescribed.

In opposition, Ms. Marts argued that although the x-rays of November 14, 2019 showed fractured ribs, she continued to have pain. She filed her request for a medical review panel within one year of March 6, 2020, when she discovered from her MRI that she had cervical disc injuries and torn rotator cuffs.

Following a hearing on the exceptions of prescription, the trial court signed a judgment denying defendants' exceptions of prescription. In response, defendants filed a supervisory writ application with this Court in response. Upon review, this Court found that the trial judge did not have authority to sign the judgment at issue since after the hearing on the exceptions of prescription, but before signing the judgment, the trial judge recused himself. This Court vacated the judgment and remanded the matter to the trial court for consideration of the exceptions of prescription before the newly assigned judge. *See Marts v. Khan*, 22-20, 22-46 (La. App. 5 Cir. 6/15/22), 344 So.3d 224.

After a new hearing on the exceptions of prescription, the trial court signed a judgment on January 25, 2023 sustaining the exceptions and dismissing with prejudice Ms. Marts' claims, along with the medical review panel proceeding. In its written reasons for judgment, the trial court found that in filing her initial suit on September 23, 2020, within one year of the date of her alleged injury on September 29, 2019 (which suit was ultimately dismissed without prejudice as premature), it was clear that Ms. Marts had at least constructive knowledge at the time of her injury that the actions of Dr. Khan and Oceans caused her injuries. The trial court also found that Ms. Marts had constructive knowledge of the malpractice no later than November 14, 2019, when she discovered her fractured ribs, as this was sufficient to place her on notice regarding her cause of action against defendants.

This appeal followed. On appeal, Ms. Marts argues that her claim for medical malpractice was not prescribed on its face and it was defendants' burden

to prove prescription. She argues that the trial court erred in finding that the

discovery date of the March 6, 2020 MRI does not apply in this case. She claims

that the "majority and the most serious injuries" were discovered by the March 6,

2020 MRI, and this discovery date was reasonable considering her history of

mental illness.

**LAW AND ANALYSIS**

The prescriptive period for a medical malpractice claim is set out in La. R.S.

9:5628(A), which states:

> No action for damages for injury or death against any physician,
> chiropractor, nurse, licensed midwife practitioner, dentist,
> psychologist, optometrist, hospital or nursing home duly licensed
> under the laws of this state, or community blood center or tissue bank
> as defined in R.S. 40:1231.1(A), whether based upon tort, or breach of
> contract, or otherwise, arising out of patient care shall be brought
> unless filed within one year from the date of the alleged act, omission,
> or neglect, or within one year from the date of discovery of the alleged
> act, omission, or neglect; however, even as to claims filed within one
> year from the date of such discovery, in all events such claims shall be
> filed at the latest within a period of three years from the date of the
> alleged act, omission, or neglect.

This statute establishes the general rule that a victim of medical malpractice has

one year from the date of the alleged malpractice to bring his claim for damages. It

also recognizes an exception to this general rule when the claimant contends that

he was initially not aware of the malpractice and there has been a delay in his

discovery of the malpractice.[1] The language of La. R.S. 9:5628 makes clear,

however, that this *contra non valentem* type exception to the general one-year

prescriptive period is expressly made inapplicable after three years from the act,

omission, or neglect. *Borel v. Young*, 07-0419 (La. 11/27/07), 989 So.2d 42, 63,

*reh'g granted* (La. 7/1/08); *In re Singleton*, 19-578 (La. App. 5 Cir. 9/2/20), 303

So.3d 362, 366.

---

[1] This exception is a codification of the jurisprudentially created fourth category of
*contra non valentem*, also known as the "discovery rule." *See In Re: Medical Review Panel of
Gerard Lindquist*, 18-444 (La. App. 5 Cir. 5/23/19), 274 So.3d 750, *writ denied*, 19-1034 (La.
10/1/19), 280 So.3d 165.

Under this "discovery rule," the one-year prescriptive period begins "when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502, 510. A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of the same. Constructive knowledge is whatever notice is enough to excite attention and put the injured person on guard and call for inquiry, which is tantamount to notice of everything to which a reasonable inquiry may lead. *Id*. at 510-11; *Jenkins v. Starns*, 11-1170 (La. 1/24/12), 85 So.3d 612, 617. Nevertheless, a plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice. Even if a malpractice victim is aware that an undesirable condition has developed after the medical treatment, prescription will not run as long as it was reasonable for the plaintiff not to recognize that the condition might be treatment related. The ultimate issue is the reasonableness of the patient's action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendant's conduct. *Campo*, 828 So.2d at 511.

The exceptor ordinarily bears the burden of proof at trial of the peremptory exception of prescription. *Spott v. Otis Elevator Co*., 601 So.2d 1355, 1361 (La. 1992). However, if the action is prescribed on the face of the pleadings, the burden shifts to the plaintiff to show it is not prescribed. *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1386 (La. 1993). A petition is not prescribed on its face if it is filed within one year of discovery and particularly alleged facts show the patient was unaware of malpractice before that date, so long as the filing delay was not willful, negligent, or unreasonable. *Campo*, 828 So.2d at 509.

Whether the complaint is prescribed on its face is purely a question of law, subject to *de novo* review. *See In re Med. Review Panel of Heath*, 21-01367 (La. 6/29/22), 345 So.3d 992, 996-97; *Mitchell v. Baton Rouge Orthopedic Clinic*, L.L.C., 21-61 (La. 10/10/21), 333 So.3d 368, 373.

To determine who bears the burden of proof, we must answer the following questions: 1) Was the complaint filed within one year of the date of the alleged acts of malpractice? 2) If not, was the complaint filed within one year of the date of discovery of the alleged acts of malpractice? If plaintiff relies upon discovery as the trigger of prescription, the following must be answered: 1) Did plaintiffs allege with particularity they were unaware of the malpractice prior to the alleged date of discovery? 2) Was plaintiffs' delay in discovering the malpractice reasonable? The petition must state with particularity the act of alleged malpractice and the date it was discovered, and these questions must be answered solely upon the allegations of the complaint. *Heath*, 345 So.3d at 996-97.

In Ms. Marts' request for a medical review panel, she claims that the malpractice occurred on September 29, 2019 and October 18, 2019. She then lists the following as the "dates of discovery":

- November 14, 2019 (Rib fractures per MRI)

- February 7, 2020 (The Louisiana Department of Health, Health Safety Standards Section determined sufficient evidence to verify that Oceans Behavioral Hospital of Greater New Orleans violated state or federal regulations at the time of its inspection on February 5, 2020.)

- March 6, 2020 (Cervical radiculopathy per MRI)

- March 6, 2020 (Torn right rotator cuff per MRI)

- March 6, 2020 (Left rotator cuff injury per MRI)

Ms. Marts explained that on both September 29, 2019 and October 18, 2019, Oceans' medical staff pinned her down as they administered medication. On October 18, 2019, six employees pinned her down sideways as her head hung off

the side of her bed. After she was released from the hold, she "experienced constant pain." She sought medical treatment for complaints of shoulder and neck pain upon leaving Oceans. X-rays obtained on November 14, 2019 revealed healing left lateral rib fractures. An MRI conducted on March 6, 2020 revealed a cervical disc injury and left and right shoulder rotator cuff injuries. Ms. Marts underwent surgery for her right shoulder rotator cuff tear and ruptured cervical disc and received physical therapy.

Upon review of the request for a medical review panel, we find that the request is prescribed on its face. The request specifically lists the dates of the medical malpractice as September 29, 2019 and October 18, 2019—when Ms. Marts was restrained by the staff, after which she experienced "constant pain." Her request for a medical review panel was not filed within one year of either September 29, 2019 or October 18, 2019. Ms. Marts contends that the discovery rule is applicable to trigger prescription in her case. She states that she discovered the malpractice when the x-rays and MRI were obtained, on November 14, 2019 and March 6, 2020, respectively. However, her request does not allege with particularity why she was unaware of the malpractice prior to November 14, 2019, considering she stated that she experienced "constant pain" immediately following the incidents which lead her to seek medical care, or why she was unaware of the malpractice after November 14, 2019 since she had become aware at that time of her fractured ribs. Further, Ms. Marts' request for a medical review panel does not provide any factual allegations regarding the reasonableness of her discovery delay. Accordingly, we find that Ms. Marts' complaint is prescribed on its face and the burden of proof rested with Ms. Marts.

When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of

review. *Specialized Loan Servicing, L.L.C. v. January*, 12-2668 (La. 6/28/13), 119 So.3d 582, 584. Under the manifest error standard of review, jurisprudence provides that if the fact finder's ruling is reasonable, in light of a review of the record in its entirety, the court of appeal may not reverse. *Med. Review Panel for Bush*, 21-954 (La. 5/13/22), 339 So.3d 1118, 1123.

On appeal, Ms. Marts argues that the date of discovery of the malpractice is March 6, 2020. She contends that there is no limit on the number of dates of discovery, and the x-ray results that showed her fractured ribs did not suggest to her when the ribs were fractured or whether that was related to her pain in her shoulder and neck. She contends that the majority and the most serious of her injuries were not discovered until she saw the March 6, 2020 MRI results. She also argues that the state of her mental health should be considered in determining the reasonableness of her discovery of the malpractice.[2]

At the hearing on the exceptions of prescription, Ms. Marts introduced her memorandum in opposition to the exceptions of prescription, as well as the transcript from the first hearing on the exceptions of prescription. At the first hearing, Ms. Marts testified that while at Oceans, six medical techs or aids pinned her down on the bed as they administered a shot. She felt a knee in her chest area, and they had a grip around her neck. Her neck was hanging over the bed. After, she was in "severe pain for quite some time." When further questioned about this, she testified that it was a "traumatizing situation," and she remembered having pain after they left the room. After she was discharged, she sought medical treatment as soon as she was able to. She obtained an x-ray on November 14, 2019 and also later had an MRI. The MRI showed cervical radiculopathy, a torn right

---

[2] Ms. Marts does not challenge that the filing of her original petition on September 23 2020, in case number 810-473, dismissed as premature, did not interrupt or suspend prescription. *See LeBreton v. Rabito*, 97-2221 (La. 7/8/98), 714 So.2d 1226 (finding that the filing of a lawsuit against a qualified healthcare provider prior to review by a medical review panel does not interrupt or suspend prescription.)

rotator cuff, and injury to her left rotator cuff. She stated that she did not know she had sustained rotator cuff injuries until she got the MRI results in March 2020.

At the hearing, defendants submitted the original and amended petitions for damages filed in case number 810-437, as well as the judgment dismissing that case as premature. Defendants highlight that in the original petition, Ms. Marts stated that she began experiencing "immediate pain" after the September 29, 2019 incident. In her amended petition, Ms. Marts stated that after the incident on September 29, 2019, she "complained of pain in her side," and a result of the incident, she sustained "two fractured ribs, dislocation of her left and right rotator cuffs and a ruptured cervical disc." As noted above, Ms. Marts' request for a medical review panel stated she experienced constant pain after the incident on October 18, 2019 and she sought medical treatment. Defendants argue that Ms. Marts was immediately aware that she experienced an injury, or at the very latest, she became aware when she learned of her fractured ribs on November 14, 2019.

Upon review, we find that the trial court did not commit manifest error in finding that Ms. Marts failed to meet her burden of proving that her claims were not prescribed. By Ms. Marts' own admission in her testimony, she experienced pain right after the alleged malpractice, and because of that pain, she sought medical treatment.[3] This was sufficient information to excite her attention that malpractice had occurred. Further, we agree with the trial court's finding in its written reasons for judgment that in filing her initial suit on September 23, 2020, within one year of the date of her alleged injury on September 29, 2019 (which suit was ultimately dismissed without prejudice as premature), it is clear that Ms. Marts had at least constructive knowledge at the time of her injury that the actions of Dr. Khan and Oceans caused her injuries. As such, the

_____

[3] Defendants also submitted a letter dated October 22, 2019 from Ms. Marts to Oceans requesting her medical records.

filing of her request for a medical review panel on November 27, 2020, more than one year after her final October 18, 2019 treatment at Oceans, was untimely.

In any event, even if prescription did not run until Ms. Marts "discovered" the malpractice, we do not find that she put forth sufficient evidence to prove that she did not discover the malpractice until her March 6, 2020 MRI. The evidence presented shows that she had an x-ray on November 14, 2019 that revealed to Ms. Marts that she had healing fractured ribs. Ms. Marts claims, however, that she did not discover the most serious of her injuries until March 6, 2020, and this is a reasonable discovery date due to her history of mental illness. Though there are references in the record regarding Ms. Marts' mental health, she failed to provide any evidence regarding her mental health history and how it delayed her discovery of the malpractice until March 6, 2020.[4] In any event, La. R.S. 9:5628(B) provides that its prescriptive periods "shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts." *See also Blake v. Maley*, 46,036 (La. App. 2 Cir. 1/26/11), 57 So.3d 1122, 1126, *writ denied*, 11-602 (La. 4/29/11), 62 So.3d 114, and *writ not considered*, 11-602 (La. 3/9/12), 83 So.3d 1051, where the court cited to the general rule of La. C.C. art. 3468 to find no merit to the plaintiff's argument that her mental incapacity prevented her from filing suit.

Accordingly, we find the trial court was not manifestly erroneous or clearly wrong in finding that by at least November 15, 2019, Ms. Marts had sufficient knowledge to put her on guard as to the potential malpractice. Because Ms. Marts

---

[4] After this appeal was lodged, Ms. Marts filed a motion in this Court to supplement the appellate record with exhibits from case number 810-473, namely her Oceans' discharge summary (exhibit B), a document from the Louisiana Department of Health and Services Centers (exhibit C), and nurse notes from her stay at Oceans (Exhibit E). In an order issued on October 4, 2023, this Court denied the motion to supplement, finding that Ms. Marts never introduced those exhibits into the trial court record and the trial court never accepted such exhibits. On January 10, 2014, the Louisiana Supreme Court denied Ms. Marts' writ application. *In re Marts*, 23-01456 (La. 1/10/24), 376 So.3d 848.

did not file her request for a medical review panel within one year of November 15, 2019, her complaint was untimely and prescribed.

## DECREE

For the foregoing reasons, the trial court's judgment granting defendants' exceptions of prescription and dismissing Ms. Marts' action against defendants with prejudice is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-CA-347**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
ANTHONY P. LEWIS (APPELLANT)          A. REBECCA WILMORE (APPELLEE)          GUICE A. GIAMBRONE, III (APPELLEE)
JOSEPH R. DRONET (APPELLEE)

**MAILED**
KEITH C. ARMSTRONG (APPELLEE)
ATTORNEY AT LAW
8550 UNITED PLAZA BOULEVARD
SUITE 103
BATON ROUGE, LA 70809